STATE *v.* ED. SIMONS.

In an indictment for larceny, the ownership of the property stolen is charged, "100 ℔s of cotton, the property of C, 100 ℔s of cotton, the property of G :" *Held*, that the objection to the indictment on account of duplicity and obscurity, would have been fatal on a motion to quash, but that the defect is cured by verdict, as provided in chap. 35, secs 15 and 20, Rev. Code.

INDICTMENT, (for Larceny,) tried at the Fall Term, 1873, of RICHMOND Superior Court, to which it had been removed from Anson Superior Court, before his Honor, *Judge Buxton.*

The defendant was charged in the following indictment:

" The jurors for the State upon their oath present, that Ed. Simons, a person of color, late of the county of Anson, on the

1st day of January, 1873, with force and arms, at and in the county aforesaid, one hundred pounds of cotton, of the value of five dollars, of the goods and chattels of L. H. Covington, one hundred pounds of cotton of the value of five dollars of the goods and chattels of Daniel Gatewood, then and there being found, feloniously did steal, take and carry away, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

The proof was that L. H. Covington carried several thousand pounds of his seed cotton to the gin-house of Daniel Gatewood to be ginned, and while the cotton was being ginned, several hundred pounds were stolen ; and the evidence implicated the defendant in the larceny.

For the defendant, it was insisted that the indictment contained but a single count, in which the joint ownership of the cotton by Covington and Gatewood was alleged ; and that in order to convict the defendant, such joint ownership must be proved, otherwise the defendant should be found not guilty ; and his Honor was asked so to charge the jury. This, his Honor declined to do. Defendant excepted.

The jury were instructed by the Court, that in cases of bailment, where the property bailed was taken, the ownership may be alleged to be in the general owner, or in the bailee ; that this indictment contained two counts, and that if either was supported by the evidence, it was sufficient. To this charge, defendant again excepted.

The jury found the defendant guilty. Rule for a new trial ; rule discharged.

Defendant then moved to arrest the judgment, on the ground that the ownership of the property stolen, was defectively stated in the indictment. Motion overruled. Judgment and appeal by defendant.

*Steele & Walker*, for the defendant.
*Attorney-General Hargrove*, for the State.

22

PEARSON, C. J. "It is safest to follow the beaten path." According to the established forms, this indictment would have contained *two distinct* counts, one charging the cotton to be the property of Covington, the other charging the cotton to be the property of Gatewood. This mode of allegation would fit the proofs, whether the cotton, upon the evidence, turned out to be the property either of Covington or of Gatewood.

It is evident, on the face of this indictment that it contains but one count. *This departure from* "the beaten path," gives rise to the questions presented by the record.

1st. Supposing the bill of indictment to have only a single count, we do not concur in the conclusion of the counsel of the defendant that, *ergo*, the ownership of the cotton is charged as the *joint* property of Covington and Gatewood; on the contrary, the purpose is manifest to allege a *several property* in the cotton, so there is no variance between "*allegata* and *probata.*"

2d. The proposition laid down by his Honor that in cases of bailment, the ownership may be alleged, either in the general or the special owner, was conceded on the argument, and it being clear that the error of his Honor in holding that the bill of indictment contained two counts instead of a single count was wholly immaterial, except so far as the fact that an indictment containing but a single count might be liable to objection on the ground of duplicity. The case is narrowed down to that point. We have seen that the indictment cannot be taken to charge that the cotton was the *joint* property of Covington and Gatewood, so we must take it, that in the same count it is charged that the defendant stole one hundred pounds of cotton, the property of Covington, and that he also stole one hundred pounds of cotton, the property of Gatewood. If the indictment be that the stealing was done at different times and by different acts, then the indictment is defective for duplicity; but if the intendment be that the cotton of Covington and the cotton of Gatewood was stolen at the same time and by the same act, then according to the authorities cited on the argument the indictment is not defective for duplicity. Bishop on

Crim. Prac., secs. 192, 193, 194, cited on the argument. For illustration, a man by one blow, strikes A and B. An indictment in our Court, charging a battery upon A and B was held not defective for duplicity. So an indictment charging in our Court that the prisoner assaulted A and B, and stole from A one shilling and from B two shillings, is not defective for duplicity *if it was all one transaction.* These are exceptional cases, and in our case there is nothing to show that the cotton of Covington and the cotton of Gatewood was stolen at the same time and by the same act, except the formal words " there and then being found, did steal," &c. The indictment is also defective for obscurity in this, it omits the conjunction "and," which is necessary to connect the specification in regard to the ownership. "One hundred pounds of cotton, of the value of five dollars, of the goods and chattels of L. H. Covington." " One hundred pounds of cotton, of the value of five dollars, of the goods and chattels of one Daniel Gatewood, did steal," &c.

This want of connection and disregard of certainty of statement, cannot be set down as a clerical misprison, and ought to have been held fatal, if the objection had been taken in apt time.

It is evident that only one parcel of cotton was stolen, and that the indictment was drawn as it is, either to save the trouble of writing two counts, or because the Solicitor for the State did not know whether to charge the cotton to be the property of Covington, the bailor, or of Gatewood, the bailee; but take it either way, the defendant is guilty of larceny, and has been convicted according to law, unless he is to be allowed to escape punishment by a refinement and nicety of distinction, which does not in any way affect the merits of his case; such informalities are provided for by statute : "No indictment shall be quashed or judgment thereon stayed by reason of any informality or refinement, if in the bill sufficient matter appears to enable the Court to proceed to judgment." Rev. Code, chap. 35, secs. 15, 20.

If the objection for duplicity and obscurity had been taken on a motion to quash, we should have been inclined to have held the indictment defective, notwithstanding the authorities cited by Bishop, which are all exceptional cases; but as the defendant took his chances before a jury, we are clear that the defect for duplicity and obscurity is cured by the statutes referred to.

No error. This will be certified.

PER CURIAM.                                    Judgment affirmed.