STATE OF NORTH CAROLINA v. LEE OTIS BOYKIN

No. 8514SC118                                          •

(Filed 31 December 1985)

**1. Criminal Law § 98.3— defendant in handcuffs—viewing by juror—no prejudice**

Evidence was sufficient to support the trial judge's finding of fact on a motion for mistrial that only one juror saw defendant being moved from the courtroom to the jail in handcuffs where the trial judge polled the jurors as to what they had seen; after questioning each juror, the trial judge afforded counsel for both parties the opportunity to advise the judge if there was any other question they wanted the judge to ask; defense counsel made no request which was not satisfied; and the juror who reported seeing defendant in handcuffs was excused.

**2. Larceny § 7— sufficiency of evidence**

Evidence in a larceny prosecution was sufficient to be submitted to the jury where it tended to show that defendant was unknown to the victims and was never given permission to be about their house; a radio which bore defendant's latent fingerprint had been removed from the victim's residence and was discovered beside a recently disturbed path leading from the house to the place where defendant's car had been observed parked on the side of the highway; the stolen items were found about 30 feet into the woods from the point where the car had been located; a neighbor saw defendant pull into the victims' driveway, back out and park beside the road, and go into the woods and down a path toward the victims' residence on the day of the break-in; and another witness testified that defendant and a companion ran out of the woods, that they were perspiring heavily, that the driver of the car stated he was in the woods to go to the bathroom, and that the car left and did not slow down at a nearby stoplight.

**3. Larceny § 4— felony larceny—larceny of firearms—one taking**

The trial court erred in failing to dismiss three charges of larceny of a firearm where defendant was properly charged with one count of felonious larceny, and all of the property stolen, including the firearms, was allegedly taken at the same time in one criminal incident. N.C.G.S. 14-72(b)(4).

APPEAL by defendant from *Brannon, Judge*. Judgment entered 20 April 1984 in Superior Court, DURHAM County. Heard in the Court of Appeals 19 September 1985.

Defendant was convicted and judgment was entered on each of the following charges contained in separate bills of indictment: (i) larceny of a Sears 12 gauge semiautomatic shotgun, serial number 26042, a firearm, (ii) larceny of an H&R 20 gauge single-shot shotgun, serial number AY516813, a firearm, (iii) larceny of an H&R 12 gauge single-shot shotgun, serial number AV420023, a

firearm, and (iv) larceny of goods including radios, stereo, speakers and other items having a value of $1,650.00. Defendant was sentenced to consecutive terms of imprisonment totaling twenty-five (25) years. Defendant appealed.

*Attorney General Thornburg, by Assistant Attorney General Francis W. Crawley, for the State.*

*Loflin and Loflin, by Thomas F. Loflin, III, and Dean A. Shangler, for defendant appellant.*

PARKER, Judge.

Appellant's first and second assignments of error relate to the trial judge's refusal to excuse for cause a juror who saw appellant being brought to or from the courtroom in handcuffs and the trial judge's refusal to grant a mistrial when on another occasion during the trial, a similar incident occurred and at least two members of the jury allegedly saw appellant being moved in handcuffs. As to these two assignments, appellant concedes that *State v. Montgomery*, 291 N.C. 235, 229 S.E. 2d 904 (1976) controls. These assignments of error are, therefore, overruled.

[1] Appellant's third assignment of error challenges the trial judge's finding of fact on the motion for mistrial that only one juror saw the defendant being moved from the courtroom to the jail in handcuffs. Appellant contends that the evidence supported a finding that at least two jurors saw the defendant manacled and that the trial judge's finding was contrary to the evidence presented. The incident occurred when a bomb threat required evacuating the entire building. The trial judge instructed the jurors to leave the courtroom first; however, conditions in the hall were crowded as jurors from the other courtroom on that floor of the courthouse also filled the hall trying to get to the exits. At the same time, the sheriff had to remove three defendants in custody, including appellant, from the building. After hearing appellant's evidence on *voir dire*, which consisted of testimony by two employees of defense counsel's law firm, the trial judge made separate inquiry of each juror whether during the recess he or she had seen or heard anything or anyone involving the trial or the defendant. After questioning each juror, before that juror returned to the jury room, counsel for both parties were afforded the opportunity to advise the judge if there was any other ques-

tion they wanted the judge to ask. Nothing in the record indicates that defense counsel made a request which was not satisfied. One juror replied that she had observed appellant in the hall in handcuffs. The trial judge excused this juror. In making his findings of fact on the motion for mistrial, the judge found that only one juror had seen appellant in handcuffs in the hall outside the courtroom. The credibility and weight to be given witnesses' testimony on *voir dire* are for the trial judge and his findings based thereon will not be set aside if supported by competent evidence. In our view, the trial judge did not abuse his discretion in polling the jurors, and he was entitled to consider their answers in weighing the evidence and ruling on the motion for mistrial. This assignment of error is overruled.

[2] In his fourth assignment of error, defendant contends the court erred in overruling his motions to dismiss the charges because the evidence was insufficient as a matter of law to be submitted to the jury. We disagree.

On 3 January 1983, the home of Carl Roberts was broken into between 8:00 a.m. and noon. Many items removed from the Roberts' home were found in the woods near the house. A latent fingerprint was lifted by Officer David Frey of the Durham Police Department. Officer Frey, along with Richard Cirvello of the State Bureau of Investigation, expressed their opinions at trial that the fingerprint lifted from the radio was made by the right index finger of defendant. Although defendant did not testify, he offered the testimony of Claude Patterson, a police officer with about twenty (20) years experience as a latent fingerprint examiner who opined that there were many inconsistencies and discrepancies between the latent fingerprint lifted from the radio and the inked fingerprint card impression of defendant's right index finger.

Our Supreme Court, in *State v. Miller*, 289 N.C. 1, 4, 220 S.E. 2d 572, 574 (1975), addressed a similar argument as follows:

> These cases establish the rule that testimony by a qualified expert that fingerprints found at the scene of the crime correspond with the fingerprints of the accused, when accompanied by substantial evidence of circumstances from which the jury can find that the fingerprints could only have been impressed at the time the crime was committed, is suffi-

cient to withstand motion for nonsuit and carry the case to the jury. The soundness of the rule lies in the fact that such evidence logically tends to show that the accused was present and participated in the commission of the crime.

What constitutes substantial evidence is a question of law for the court. What the evidence proves or fails to prove is a question of fact for the jury. (Citation omitted.)

The evidence produced at trial showed that defendant was unknown to the Roberts and was never given permission to be about their house. The radio which bore defendant's latent fingerprint had been removed from the residence and was discovered beside a recently disturbed path leading from the house to the place where defendant's car had been observed parked on the side of the highway. The stolen items were found about thirty (30) feet into the woods from the point where the car had been located. A neighbor saw defendant pull into the Roberts' driveway, back out and park beside the road, go into the woods and down a path towards the Roberts' residence around 11:00 a.m. on 3 January 1983. Another witness testified that defendant and a companion ran out of the woods, that they were perspiring heavily, that the driver of the car stated he was in the woods to go to the bathroom, and that the car left and did not slow down at a nearby stoplight. We hold that this evidence was substantial evidence and was sufficient to overrule defendant's motion to dismiss and to support a jury finding that defendant was present when the crimes were committed and participated in their commission.

[3] In his fifth assignment of error, defendant contends the court erred in denying his motions to merge the larceny of a firearm charges into a single charge or to dismiss the larceny of a firearm charges altogether because all of the property stolen, including the firearms, was allegedly taken at the same time in one criminal incident. Defendant contends that to convict him separately of these additional counts of firearm larceny, in addition to the one count of felony larceny, subjected him to double jeopardy in violation of the State and Federal constitutions. Because we conclude that the Legislature by enacting G.S. 14-72(b)(4) did not intend, as the State asserts, to create a separate unit of prosecution for each firearm stolen nor to allow multiple punishment for the theft

of multiple firearms, we need not address the constitutional question presented by defendant.

While this particular issue is one of first impression in this jurisdiction, prior case law construing G.S. 14-72 supports our resolution of this question. In North Carolina, larceny remains a common law crime and is defined as " 'the felonious taking by trespass and carrying away by any person of the goods or personal property of another, without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use.' " *State v. Revelle*, 301 N.C. 153, 163, 270 S.E. 2d 476, 482 (1980), quoting from *State v. McCrary*, 263 N.C. 490, 492, 139 S.E. 2d 739, 740 (1965). Our Supreme Court has held that "G.S. 14-72 relates solely to punishment for the separate crime of larceny," *State v. Brown*, 266 N.C. 55, 63, 145 S.E. 2d 297, 303 (1965), and this Court has concluded that "[t]he statutory provision upgrading misdemeanor larceny to felony larceny does not change the nature of the crime; the elements of proof remain the same." *State v. Smith*, 66 N.C. App. 570, 576, 312 S.E. 2d 222, 226, *disc. rev. denied*, 310 N.C. 747, 315 S.E. 2d 708 (1984).

General Statute 14-72 provides that "[l]arceny of goods of the value of more than four hundred dollars ($400.00) is a Class H felony." Certain other types of larcenies are felonies regardless of the value of the property stolen depending upon the type property or the manner in which it was stolen. In particular, G.S. 14-72(b)(4) states that the larceny "[o]f any firearm" is a felony. This Court has held that the "[l]arceny of a firearm is a felony regardless of the value of the weapon stolen and without regard to whether the larceny was accomplished by means of a felonious breaking or entering." *State v. Robinson*, 51 N.C. App. 567, 568, 277 S.E. 2d 79, 80 (1981).

Clearly, the plain language of the statute and the interpretation placed thereon by our appellate courts, manifests that the purpose of G.S. 14-72 is to establish levels of punishment for larceny based on the value of the goods stolen, the nature of the goods stolen or the method by which stolen, not to create new offenses. Nothing in the statutory language suggests that to charge a person with a separate offense for each firearm stolen in a single criminal incident was intended. In construing a criminal

statute, the presumption is against multiple punishments in the absence of a contrary legislative intent. *See Hunter v. Missouri*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed. 2d 535 (1983) and *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed. 2d 275 (1981). The principle of statutory construction referred to as the "rule of lenity" forbids a court to interpret a statute so as to increase the penalty that it places on an individual when the Legislature has not clearly stated such an intention. *See Albernaz, supra.*

As the Supreme Court noted in *Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955), a case in which defendant argued that the transportation of two women in one car was a single offense under the Mann Act, the Court held:

> Congress could no doubt make the simultaneous transportation of more than one woman in violation of the Mann Act liable to cumulative punishment for each woman so transported. The question is: did it do so?
>
> $\cdot$ $\cdot$ $\cdot$
>
> When Congress leaves to the Judiciary the tasks of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity. . . . It merely means that if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses . . . .

In our view, the Legislature has not clearly stated an intention to impose multiple punishments where three firearms, in addition to other property having a value greater than four hundred dollars ($400.00), were allegedly stolen in a single transaction. Therefore, we hold that the court erred in not dismissing the three larceny of firearms charges, where defendant was properly charged with one count of felonious larceny. Accordingly, the case is remanded for resentencing.

In his seventh assignment of error, appellant asserts that the trial court erred in not giving a requested jury instruction. Since appellant concedes that this issue was resolved by the Supreme Court in *State v. Adcock*, 310 N.C. 1, 310 S.E. 2d 587 (1984) and this Court is bound by that decision, the assignment of error is overruled.

Remanded for resentencing.

Judges JOHNSON and EAGLES concur.