STATE OF NORTH CAROLINA v. JOHN DANIEL FRONEBERGER

No. 8527SC1148

(Filed 17 June 1986)

1. **Criminal Law § 99.3— admission of stolen items into evidence—no expression of opinion by court**

   The trial court in a felonious larceny prosecution did not express an opinion regarding the veracity of the victim when the court simply indicated at a certain point in the witness's testimony that her identification of the stolen items was legally sufficient to support their admission into evidence.

2. **Larceny § 7— four charges of larceny of silver—failure to show four different occasions of larceny**

   The trial court erred in failing to dismiss three of the four charges of felonious larceny because the State offered no evidence tending to establish that defendant stole silver from his mother's house, in which he also resided, on four separate occasions, the fact that defendant pawned the silver on four different occasions, standing alone, being insufficient to support an inference that he took it on four separate occasions.

3. **Criminal Law § 142.3— larceny of silver—silver pawned—restitution to pawnbrokers as condition of probation—condition proper**

   In a prosecution of defendant for felonious larceny of silver, the trial court did not err in requiring as a special condition of probation that defendant repay the loans he obtained from pawnbrokers using the stolen silver as collateral, since the pawnbrokers were aggrieved parties within the meaning of N.C.G.S. § 14-1343(d) and were thus proper subjects for restitution, and since the restitution order was directly related to the criminal offense for which defendant was convicted.

APPEAL by defendant from *Gudger, Judge*. Judgments entered 22 May 1985 in Superior Court, LINCOLN County. Heard in the Court of Appeals 4 March 1986.

Defendant appeals from a judgment entered upon verdicts finding him guilty of four counts of felonious larceny. The court sentenced defendant to three years of imprisonment, six months active and the remainder suspended on special supervised probation upon the condition, *inter alia*, that defendant pay restitution to the pawnbrokers with whom he pawned the stolen goods.

*Attorney General Thornburg, by Assistant Attorney General John R. Corne, for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Geoffrey C. Mangum, for defendant appellant.*

WHICHARD, Judge.

Evidence for the State tended to show that during 1984 defendant lived with his mother, Virginia Froneberger Hartman. On 14, 15, 17 and 20 December 1984 defendant pawned numerous items of silver that belonged to Mrs. Hartman. Each lot of silver pawned had a value in excess of four hundred dollars. Mrs. Hartman was out of town and was not aware that her silver was missing until 21 December 1984 when Detective Bergin of the Lincolnton Police Department phoned her at her daughter's house and advised that silverware apparently belonging to her had been pawned under defendant's name.

On 15 January 1985 Bergin arrested defendant at his home. After Bergin informed defendant of the charges against him, defendant inquired, "Well, don't you want to know where the silver is?" Bergin responded, "No." Later defendant told Bergin, "I know this can be used against me, but I'm going to say it, anyway. I took the silver, and I sold it because I needed the money to file suits with."

[1]　At trial Mrs. Hartman identified certain items of silver as belonging to her. Before the State could move for admission of the items, the following dialogue, to which defendant objects, occurred:

> THE COURT: That's sufficient Mrs. Hartman. Thank you. The court would, the court would not exact any more sufficient testimony concerning these contents than has been de-

veloped. Are you offering S-1 and the contents at this time, Mrs. Byers?

Assistant Attorney General Byers: They're identified, yes sir. I would like to offer them at this time.

Defendant contends that in this comment the court violated N.C. Gen. Stat. 15A-1222 by expressing the opinion that Mrs. Hartman's identification of the items of silver was accurate. We find no error.

"[A]ny intimation or expression of opinion by the trial judge . . . which prejudices the jury against the accused is ground for a new trial." *State v. Faircloth*, 297 N.C. 388, 392, 255 S.E. 2d 366, 369 (1979). The defendant carries the burden of showing prejudice. *Id.* "[T]he test of prejudice resulting from a judge's remarks is whether a juror might reasonably infer that the judge expressed partiality or intimated an opinion as to a witness' credibility or as to any fact to be determined by the jury." *State v. Staley*, 292 N.C. 160, 165, 232 S.E. 2d 680, 684 (1977).

Rather than expressing an opinion regarding the veracity of Mrs. Hartman's testimony, the court here was simply indicating that her identification of the items was at that point legally sufficient to support their admission into evidence. We do not believe a juror might reasonably infer that the court was expressing partiality or intimating an opinion as to the witness' credibility or as to any other fact to be determined by the jury. *Staley, supra.*

At most the comment constituted harmless error. N.C. Gen. Stat. 15A-1443(a). *Cf. Staley*, 292 N.C. at 169, 232 S.E. 2d at 686 (while "[n]ot intending to abrogate the harmless error doctrine," court nevertheless refused to find expression of opinion non-prejudicial despite substantial evidence pointing to defendant's guilt). Assuming, *arguendo*, that a reasonable juror might infer from the comment that the court was expressing its opinion that Mrs. Hartman's identification of the silver was accurate, there was no evidence from which the jury could have concluded otherwise. Mrs. Hartman's testimony as to her ownership of the silver was clear, competent and credible. Many pieces bore her initials or the initials of deceased members of her family. At no point was her credibility on this or any other matter put at issue. Accordingly, we reject defendant's contention that the court's comment

constituted an expression of opinion which so prejudiced the jury against him as to require a new trial.

[2] Defendant contends the court erred in failing to dismiss three of the four charges of felonious larceny because the State offered no evidence tending to establish that he stole the silver on four separate occasions. We are constrained to agree.

A single larceny offense is committed when, as part of one continuous act or transaction, a perpetrator steals several items at the same time and place. 50 Am. Jur. 2d *Larceny* Sec. 3 at p. 154. *See State v. Martin*, 82 N.C. 672 (1880); *State v. Simons*, 70 N.C. 336 (1874); Annot., 136 A.L.R. 948. In such instances the constitutional guarantee against double jeopardy prohibits multiple convictions. *See State v. Beaty*, 306 N.C. 491, 293 S.E. 2d 760 (1982); *State v. Martin*, 47 N.C. App. 223, 267 S.E. 2d 35, *disc. rev. denied*, 301 N.C. 238, 283 S.E. 2d 134 (1980); *State v. Fambrough*, 28 N.C. App. 214, 220 S.E. 2d 370 (1975). Thus, absent evidence that the silver was stolen on more than one occasion, defendant could only be convicted of one count of larceny.

In ruling on a motion to dismiss the court must view the evidence in the light most favorable to the State. *State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E. 2d 649, 652 (1982). Evidence from which jurors may reasonably infer defendant's guilt — whether circumstantial, direct, or both — is sufficient to withstand a motion to dismiss. *Id.* at 67-68, 296 S.E. 2d at 652-53. If the evidence merely raises a suspicion or conjecture as to guilt, however, the court should allow the motion to dismiss. *Id.* at 66, 296 S.E. 2d at 652.

The State maintains that the jury could reasonably infer defendant's guilt as to each count of larceny from the fact that he pawned the silver on separate occasions and had unlimited access to Mrs. Hartman's house. The fact that defendant pawned the silver on different occasions, standing alone, is insufficient to support an inference that he took it on separate occasions. Before guilt can be inferred from the possession of recently stolen property, "the State must show by positive or circumstantial evidence a *prima facie* larceny of the goods." *State v. Boomer*, 33 N.C. App. 324, 328, 235 S.E. 2d 284, 286, *cert. denied*, 293 N.C. 254, 237 S.E. 2d 536 (1977). The State has not shown a *prima facie* larceny of each of the four groups of goods pawned separately. Mrs. Hartman was out of town when her silver was taken and could not

document the time(s) of its disappearance. The fact that defendant resided with her and had unlimited access to the house merely demonstrates that he had the opportunity to commit multiple larcenies. It is equally possible that he took all the silver at one time. Any movement of the silver by defendant which placed it under his control would have sufficed to complete the larceny. *State v. Carswell*, 296 N.C. 101, 249 S.E. 2d 427 (1978) (to constitute larceny there must be an asportation of the goods and the accused must have the goods in his possession, or under his control, even if only for an instant); *State v. Walker*, 6 N.C. App. 740, 743, 171 S.E. 2d 91, 93 (1969) ("While there must be a taking and carrying away of the personal property of another to complete the crime of larceny, it is not necessary that the property be completely removed from the premises of the owner. 'The least removal of an article, from the actual or constructive possession of the owner, so as to be under the control of the felon, will be a sufficient asportation.' "). Thus, if on a single occasion defendant placed all the silver in a box or carried it to another part of the house with the intent to commit larceny, the fact that he subsequently removed it from the house on separate occasions would not support multiple convictions. Since there is no evidence from which the jury reasonably could conclude that defendant committed more than one larceny, such a conclusion could only be based on suspicion or conjecture, which is impermissible. *Earnhardt*, 307 N.C. at 66, 298 S.E. 2d at 652. Thus, as to three of the four larceny counts, the court erred in denying defendant's motion to dismiss.

Accordingly, the judgments on the indictments in Nos. 85 CRS198, 200 and 201, must be vacated. Because the four larceny convictions were consolidated for sentencing and three of the four judgments must be vacated, defendant's sentence in No. 199, along with the above-described condition of probation, must be vacated, and the case must be remanded for sentencing on one count of felonious larceny. *See State v. McCoy*, 79 N.C. App. 273, 278, 339 S.E. 2d 419, 423 (1986); *State v. Anderson*, 76 N.C. App. 434, 439, 333 S.E. 2d 762, 766 (1985).

[3] Defendant finally contends the court erred in requiring as a special condition of probation that he repay the loans he obtained from pawnbrokers using the stolen silver as collateral. Because

this contention will probably arise upon remand for sentencing, we address it even though we are vacating the sentence.

Defendant objects to the condition on the grounds that it is not authorized under N.C. Gen. Stat. 15A-1343(d) and, even if statutorily authorized, it violates Article I, Section 28 of the North Carolina Constitution which prohibits imprisonment for debt. We disagree.

N.C. Gen. Stat. 15A-1343(d), in pertinent part, provides:

> As a condition of probation, a defendant may be required to make restitution or reparation to an aggrieved party or parties who shall be named by the court *for the damage or loss caused by the defendant arising out of the offense or offenses committed by the defendant.* . . . As used herein, "restitution" shall mean compensation for damage or loss as could ordinarily be recovered by an aggrieved party in a civil action. . . . Restitution or reparation measures are ancillary remedies to promote rehabilitation of criminal offenders and to provide for compensation to victims of crime, and shall not be construed to be a fine or other punishment as provided for in the Constitution and laws of this State. (Emphasis supplied.)

Here, shortly after defendant committed the larceny he presented the stolen items to pawnshops as collateral for loans. The record establishes that the stolen items have been returned to the rightful owner. The pawnbrokers thus have lost the collateral that secured their loans. As a result they are without security and at risk of loss or damage if the loans are not repaid. We believe such loss or damage would directly relate to or "aris[e] out of" the larceny for which defendant was convicted. We thus conclude that, under the particular facts presented, the pawnbrokers are within the meaning and intent of the phrase "aggrieved parties" as used in N.C. Gen. Stat. 15A-1343(d) and thus are proper subjects for restitution as a condition of defendant's probation.

In contending that the order of restitution is unconstitutional, defendant relies on *State v. Caudle*, 276 N.C. 550, 173 S.E. 2d 778 (1970), *State v. Wilburn*, 57 N.C. App. 40, 290 S.E. 2d 782 (1982) and *State v. Bass*, 53 N.C. App. 40, 280 S.E. 2d 7 (1981). In *Caudle, Wilburn* and *Bass* the court ordered defendants to pay

restitution for offenses other than those for which they had been convicted. In each case the order of restitution was vacated as unconstitutional. It is well settled that for an order of restitution to be valid it "must be related to the criminal act for which defendant was convicted, else the provision may run afoul of the constitutional provision prohibiting imprisonment for debt." *Bass*, 53 N.C. App. at 42, 280 S.E. 2d at 9. If a restitution order is directly related to the criminal offense for which the defendant was convicted, however, it is valid. *See State v. Dula*, 67 N.C. App. 748, 751, 313 S.E. 2d 899, 901, *affirmed per curiam*, 312 N.C. 80, 320 S.E. 2d 405 (1984). We have concluded that, under the particular facts presented, the order here is directly related to the criminal offense for which defendant was convicted. The order thus does not run afoul of the constitutional provision prohibiting imprisonment for debt.

For the reasons stated, the result is:

(1) As to the felonious larceny indictment in No. 85CRS199, no error; sentence vacated; remanded for resentencing.

(2) As to the felonious larceny indictments in Nos. 85CRS198, 200 and 201, judgments vacated.

Judges WELLS and COZORT concur.