STATE OF NORTH CAROLINA v. JAMES COLE SUGGS

No. COA97-1260

(Filed 7 July 1998)

**1. Criminal Law— incarceration during trial—pretrial release**

There was no prejudice in a prosecution for burglary and larceny where the trial court apparently concluded that defendant's unsecured bond was not adequate to guarantee his continued appearance in the case and incarcerated defendant without bond at the close of the first and second days of trial. If the trial court elects to exercise its discretionary power to order a criminal defendant into custody during a trial after considering certain factors and other relevant circumstances, the record should reflect the reasons for the court's action. The reasons for the court's conclusion here do not appear in the record, nor does it appear that the court considered any alternatives, but there is no evidence that the actions of the court prejudiced defendant or that the court abused its discretion.

**2. Discovery— exculpatory evidence—summary denial**

There was no prejudice in a prosecution for burlgary and larceny in the trial court summarily denying without further inquiry defendant's motion for discovery of exculpatory evidence under Brady v. Maryland, 373 U.S. 83. Although defendant concedes there may not have been any prejudice, it is a better practice for the trial court to make further inquiry into the substance of the alleged exculpatory evidence.

**3. Larceny— sentencing—larceny after breaking or entering and larceny of firearm**

The trial court erred by sentencing defendant for both larceny of a firearm and the separate charge of felonious larceny which included the same firearms.

Appeal by defendant from judgments entered 25 June 1997 by Judge Frank R. Brown in Robeson County Superior Court. Heard in the Court of Appeals 19 May 1998.

STATE v. SUGGS

[130 N.C. App. 140 (1998)]

*Attorney General Michael F. Easley, by Associate Attorney General F. Bryan Brice, Jr., for the State.*

*Bowen & Berry, P.L.L.C., by Sue A. Berry, for defendant appellant.*

HORTON, Judge.

On 5 November 1996, Crystal Roberts' mobile home was broken into by force. Items taken included a shotgun, a rifle, a pistol, a jewelry box and its contents, a book sack, and a CD player. The guns were valued at approximately $3,050.00 and the jewelry was valued at approximately $15,000.00.

The Robeson County Sheriff's Department received information that defendant James Cole Suggs was trying to dispose of the stolen guns. The Sheriff's Department initiated an undercover operation to trade controlled substances for the stolen guns. An undercover officer met defendant at defendant's home and set up a meeting to make a trade of the controlled substance for the stolen jewelry, instead of the stolen guns.

The undercover officer met defendant, along with defendant's friend Jamie Bullock, at a local high school to make the trade. After the trade was completed, the undercover officer arrested defendant and Jamie Bullock. The officer took defendant to the Sheriff's Department. Defendant waived his Miranda rights and juvenile rights, and thereafter made a statement to police admitting to the break-in and theft of some property from Crystal Roberts' home.

Defendant presented evidence at trial that differed from his confession. However, defendant still admitted he went into Crystal Roberts' home, and also that he set up the meeting with the undercover officer to trade the jewelry for drugs.

Defendant was convicted of conspiracy to commit second degree burglary, second degree burglary, larceny after breaking or entering, and larceny of a firearm. Defendant appeals. The three main issues on appeal are: (I) whether the trial court erred in incarcerating defendant without bond during the trial; (II) whether the trial court erred in summarily denying defendant's motion for discovery of exculpatory statements without further inquiry; and (III) whether the trial court erred in sentencing defendant for both felonious larceny and larceny of a firearm.

I.

[1] Defendant contends the trial court erred by incarcerating him without bond at the close of the first day of trial and at the close of the second day of trial. N.C. Gen. Stat. § 15A-533(b) (1997) provides that "[a] defendant charged with a noncapital offense must have conditions of pretrial release determined, in accordance with G.S. 15A-534." In the instant case, pretrial conditions were set.

> After a case is before the superior court, a superior court judge may modify the pretrial release order of a magistrate, clerk, or district court judge, or any such order entered by him at any time before defendant's guilt has been established in superior court. . . . Further, in addition to modification of a bail bond, a trial judge has discretionary power to order a defendant into custody during the progress of a trial.

State v. Perry, 316 N.C. 87, 108, 340 S.E.2d 450, 463 (1986). A ruling committed to the trial court's discretion will be upset on appeal only when defendant shows that the ruling could not have been the result of a reasoned decision. State v. Cameron, 314 N.C. 516, 519, 335 S.E.2d 9, 11 (1985).

In his decision to have defendant remain in custody during the trial in the instant case, Judge Brown heard defense counsel's arguments that she wanted to meet with defendant during the evening to complete the preparation and presentation of the defense. Judge Brown noted that court would not open until 10:00 a.m. the next morning, and therefore determined that defense counsel had ample time to meet with defendant for preparation of the case. Judge Brown explained that he decided to hold defendant in custody pending the completion of the trial because the district court had reduced defendant's bond to an unsecured bond of $52,000.00. Before exercising its discretionary power to order a criminal defendant into custody during the trial of a case, a trial court should, at a minimum, carefully consider whether there is some indication that defendant will fail to reappear if not placed in custody; whether there is a danger of injury to, or intimidation of, witnesses if defendant remains free; whether there are less restrictive alternatives to incarceration, such as requiring a secured bond which would guarantee the defendant's appearance as required; and whether incarceration of defendant during the trial would unduly interfere with the ability of defendant to consult with counsel or to prepare his defense. See State v. Albert, 312 N.C. 567, 575, 324 S.E.2d 233, 238 (1985). If, after considering the above

factors together with any other relevant circumstances of the case, the court elects to place a defendant in custody during trial, the record should reflect the reasons for the court's action. In this case, the trial court apparently concluded that defendant's unsecured bond was not adequate to guarantee his continued appearance in the case. The reasons for the trial court's conclusion do not appear in the record, nor does it appear that the trial court considered any alternatives to incarceration. However, there is no evidence that the actions of the trial court prejudiced defendant or that the trial court abused its discretion. Thus, this assignment of error is overruled.

## II.

[2] Defendant argues the trial court erred in summarily denying, without further inquiry, defendant's motion for discovery of exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215 (1963). The *Brady* case stands for the proposition that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87, 10 L. Ed. 2d at 218. Although defendant in the instant case concedes there may not have been any prejudice based on the trial court's action in summarily denying the discovery request, it is a better practice for the trial court to make further inquiry into the substance of the alleged exculpatory evidence. If there is a dispute about whether the questioned evidence is actually exculpatory, the trial court may examine the evidence *in camera* and then rule on defendant's discovery request. Where there is a summary denial of a discovery motion, there is a heightened risk that defendant will not obtain evidence favorable to his defense. However, since no evidence of prejudice has been shown by defendant in the instant case, this assignment of error is overruled.

## III.

[3] Defendant contends the trial court erred in sentencing him for two felony larceny convictions. Defendant was convicted of larceny after breaking or entering and larceny of a firearm. This Court has already held that, when a defendant has been convicted of larceny of property which includes a firearm and that same firearm is also the subject of a felonious larceny of a firearm conviction, the trial court may not impose sentences for both crimes. *See State v. Boykin*, 78 N.C. App. 572, 577, 337 S.E.2d 678, 682 (1985). "A single larceny

offense is committed when, as part of one continuous act or transaction, a perpetrator steals several items at the same time and place." *State v. Froneberger*, 81 N.C. App. 398, 401, 344 S.E.2d 344, 347 (1986). In the case *sub judice*, the trial court erred in sentencing defendant on both the larceny of a firearm charge and the separate charge of felonious larceny which included the same firearms. *Boykin*, 78 N.C. App. at 577, 337 S.E.2d at 682. Therefore, we arrest defendant's conviction for larceny of a firearm.

We have carefully reviewed the remainder of the assignments of error and find them to be without merit. For the foregoing reasons, judgment on the charge of larceny of a firearm (case No. 96 CRS 22618) is arrested. That action does not affect the other sentences imposed by the trial court, and no resentencing hearing is necessary. There is no error as to the remaining charges against defendant.

No error in case Nos. 96 CRS 22613, 96 CRS 22616, and 96 CRS 22617; judgment is arrested in case No. 96 CRS 22618.

Chief Judge EAGLES and Judge WALKER concur.