WYNN, Judge.
Defendant Jessica Acklin Herndon appeals from judgment entered consistent with jury verdicts finding her guilty of two counts each of second degree burglary, larceny of a firearm, and felony larceny, and one count of possession of cocaine with intent to sell or deliver. Defendant contends the trial court erred by failing to arrest one count of larceny in each judgment, and by entering judgment for possession of cocaine with intent to sell or deliver. We agree with Defendant and reverse and remand for resentencing in part, and for correction of a clerical error in part.
The evidence presented at trial tended to show the following: On 13 May 2002, Defendant and four friends broke into a residencelocated in Washington, North Carolina, and stole numerous items, including electronic equipment and two rifles. After leaving the house, the group selected a second house to burglarize. They gained entry through a window and took several items, including a jewelry box and a rifle. The police arrived while the second robbery was in progress and Defendant was arrested. Police searched Defendant and found crack cocaine in one of her pockets.
Defendant was convicted of two counts each of second degree burglary, larceny of a firearm, and felony larceny, and one count of possession of cocaine. Two consolidated judgments were entered by the trial court, each judgment representing each house burglarized by defendant. In the first judgment, the trial court consolidated one count each of burglary, larceny of a firearm and felonious larceny and sentenced Defendant to a term of twelve to fifteen months' imprisonment. On the second judgment, the trial court again consolidated one count each of burglary, larceny of a firearm and felonious larceny and sentenced Defendant to a term of twelve to fifteen months' imprisonment. The trial court suspended the sentence in the second judgment, however, and placed Defendant on supervised probation for thirty-six months. Defendant was additionally sentenced to a consecutive term of four to five months' imprisonment for the possession of cocaine conviction. The trial court also suspended this sentence and placed Defendant on supervised probation for thirty-six months. Defendant appeals.
Defendant contends the trial court erred by failing to arrestone count of larceny in each judgment, and by entering judgment for possession of cocaine with intent to sell or deliver. We agree with Defendant and reverse and remand for resentencing in part, and for correction of a clerical error in part.
Defendant argues the trial court erred by failing to arrest one count of larceny in each judgment because all of the items were stolen in one continuous transaction. We agree.
In each judgment, Defendant was convicted of both felony larceny as well as larceny of a firearm. All the items taken from the first house were part of one continuous transaction, however. The items stolen from the second house were likewise taken in a single transaction. Thus, the trial court erred in not dismissing the two larceny of firearms charges, where Defendant was properly charged with two counts of felonious larceny. See State v. Boykin, 78 N.C. App. 572, 577, 337 S.E.2d 678, 682 (1985) (stating that "the Legislature has not clearly stated an intention to impose multiple punishments where three firearms, in addition to other property having a value greater than four hundred dollars ($400.00), were allegedly stolen in a single transaction."). Accordingly, we reverse the judgment and remand for resentencing in part.
Defendant next argues that judgment was erroneously entered for possession of cocaine with intent to sell or deliver, when she was convicted of possession of cocaine. After careful review of the record, we agree with Defendant. Defendant was found guilty by a jury of possession of cocaine, yet the judgment sheet erroneouslystates that Defendant was convicted of possession of cocaine with intent to sell or deliver. The trial court correctly sentenced Defendant as a Class I, Level II felon to a term of four to five months' imprisonment. Thus, the error in the judgment sheet is merely clerical. Accordingly, the judgment is remanded to the trial court for the correction of this clerical error.
Remanded for resentencing in part, remanded for correction of a clerical error in part.
Judges TYSON and GEER concur.
Report per Rule 30(e).