IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-27

Filed 3 December 2024

Rutherford County, Nos. 19 CRS 831–32, 50318–20

STATE OF NORTH CAROLINA

v.

MICHELLE RENEE WILSON

Appeal by defendant by writ of certiorari from judgment entered 7 December 2022 by Judge Steve R. Warren in Rutherford County Superior Court. Heard in the Court of Appeals 24 September 2024.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Adrina G. Bass, for the State.*
>
> *John W. Moss for defendant-appellant.*

ZACHARY, Judge.

Defendant Michelle Renee Wilson appeals by writ of certiorari from the trial court's judgment entered upon a jury's verdicts finding her guilty of three counts of larceny of a firearm and one count each of possession of a firearm by a felon, misdemeanor possession of stolen goods, possession of burglary tools, breaking or entering, larceny after breaking or entering, possession of a stolen motor vehicle, and attaining habitual-felon status. After careful review, we reverse Defendant's three convictions for larceny of a firearm, vacate Defendant's sentence, and remand for the

trial court to resentence Defendant in accordance with this opinion.

## BACKGROUND

On 28 January 2019, Detective Atkins of the Rutherford County Sheriff's Office received a report that several items, including three firearms, had been stolen from James Murray's property on Pea Ridge Road in Bostic, North Carolina. Detectives Atkins and Holtzclaw went to Defendant's residence on Lawing Mill Road "[t]o speak with [her] about the . . . break-in from Pea Ridge Road." While the detectives waited for someone to answer the door, they observed—in plain view on the front porch of the residence—several other items that had been reported stolen. Detective Atkins took photographs of the items, which Murray and his grandson later verified as their stolen property.

Detective Millard procured a search warrant for Defendant's residence. When the detectives executed the search warrant, they discovered many of the items that Murray and his grandson had reported stolen.

During the detectives' search of the residence, Defendant arrived in her white, single-cab Chevrolet truck. The detectives searched the truck and found "a set of bolt cutters" and "extra . . . key locks." After agreeing to speak with the detectives and being read her *Miranda* rights,[1] Defendant told them that she, Tim Terry, and Doug

---

[1] In *Miranda v. Arizona*, the United States Supreme Court held that the State "may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of [a] defendant unless [the State] demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. 436, 444, 16 L. Ed. 2d 694, 706 (1966).

Roe met at her residence. They then drove her truck to the Pea Ridge Road property. While at the property, "they wound up taking a lot of smaller [items]"; Defendant, Terry, and Roe then "wound up going back to [Defendant's] property" and "unload[ed] the stuff on the front porch." About an hour and a half later, Terry and Roe returned to the Pea Ridge Road property and stole more items, including a motorcycle.

On 30 January 2019, Sergeant Upton executed a search warrant for Defendant's cell phone and extracted its contents, which Detective Ellenburg reviewed. The cell phone contained several outgoing and incoming text messages from 27–29 January 2019 regarding the stolen property. The stolen firearms were never recovered.

On 7 October 2019, a Rutherford County grand jury indicted Defendant for three counts of larceny of a firearm and one count each of possession of a firearm by a felon, misdemeanor possession of stolen goods, possession of burglary tools, breaking or entering, larceny after breaking or entering, possession of a stolen motor vehicle, and attaining habitual-felon status.

This matter came on for trial on 5 December 2022. Defendant made a motion to dismiss at the close of the State's evidence and renewed the motion at the close of all evidence; the trial court denied both motions. On 7 December 2022, the jury returned verdicts finding Defendant guilty of all charges. The trial court consolidated the convictions into a single judgment and sentenced Defendant to a term of 83 to 112 months in the custody of the North Carolina Division of Adult Correction.

On 4 January 2023, Defendant filed a written notice of appeal.

**<u>APPELLATE JURISDICTION</u>**

Preliminarily, we note the deficiencies in Defendant's notice of appeal.

The first such deficiency is the lack of designation as to which court she appealed. Rule 4 of the North Carolina Rules of Appellate Procedure provides that an appellant's notice of appeal "shall designate . . . the court to which appeal is taken[.]" N.C.R. App. P. 4(b). Yet, this Court has recognized that such a nonjurisdictional "defect in a notice of appeal should not result in loss of the appeal as long as the intent to appeal can be fairly inferred from the notice and the appellee is not misled by the mistake." *State v. Springle*, 244 N.C. App. 760, 763, 781 S.E.2d 518, 521 (2016) (cleaned up).

Of more concern, however, is the fact that Defendant's notice of appeal was also untimely. Rule 4 requires that an appellant in a criminal action file notice of appeal and serve copies thereof "upon all adverse parties within fourteen days after entry of the judgment or order[.]" N.C.R. App. P. 4(a)(2). Here, Defendant did not give oral notice of appeal in open court after the trial court entered judgment on 7 December 2022; rather, she filed an untimely written notice of appeal on 4 January 2023. Because Defendant failed to file her written notice of appeal within the 14-day window allowed by Rule 4(a)(2), we lack jurisdiction over Defendant's appeal. *See State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 ("[C]ompliance with the requirements of Rule 4(a)(2) is jurisdictional and cannot simply be ignored by this

Court."), *appeal dismissed*, 360 N.C. 73, 622 S.E.2d 626 (2005).

Acknowledging the deficiencies in her appeal, on 10 April 2023, Defendant petitioned this Court to issue its writ of certiorari to review the judgment entered against her due to the fact that her "right to prosecute [this] appeal has been lost by failure to take timely action[.]" N.C.R. App. P. 21(a)(1).

"Certiorari is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959), *cert. denied*, 362 U.S. 917, 4 L. Ed. 2d 738 (1960). "A petition for the writ must show merit or that error was probably committed below." *Id.* For the following reasons, we exercise our discretion pursuant to Rule 21 to allow Defendant's petition for writ of certiorari in part and to review one of the two issues that she presents on appeal.[2]

Defendant has shown good cause in that one of the arguments that she raises on appeal has merit. Moreover, the State does not assert that it was prejudiced by the untimeliness of Defendant's notice of appeal. Finally, Defendant's intent to appeal to this Court may be "fairly inferred" from her notice, *Springle*, 244 N.C. App. at 763, 781 S.E.2d at 521 (citation omitted), and the State does not contend that it was misled by the notice's defect.

In our discretion, we allow Defendant's petition for writ of certiorari *solely* to review the question of whether the trial court erred by denying her motion to dismiss

---

[2] Defendant does not challenge "any issues related to her charges for misdemeanor possession of stolen goods or possession of burglary tools."

three of the four larceny charges. *See State v. Ledbetter*, 371 N.C. 192, 197, 814 S.E.2d 39, 43 (2018); *see also State v. Friend*, 257 N.C. App. 516, 519, 809 S.E.2d 902, 905 (2018). We deny Defendant's petition for writ of certiorari as to the second issue Defendant advances.

## **DISCUSSION**

Defendant contends that the trial court erred by denying her motion to dismiss three of the four larceny charges. Specifically, Defendant argues that the State's evidence failed to support four separate larceny offenses under the "single-taking rule," which precludes conviction and sentencing for multiple larceny charges arising out of a single continuous act or transaction.

### *Standard of Review*

This Court reviews de novo a trial court's denial of a motion to dismiss. *State v. Hobson*, 261 N.C. App. 60, 70, 819 S.E.2d 397, 404, *disc. review denied*, 371 N.C. 793, 821 S.E.2d 173 (2018).

"When ruling on a defendant's motion to dismiss, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged, and (2) that the defendant is the perpetrator of the offense." *Id.* (citation omitted). "Substantial evidence is the amount necessary to persuade a rational juror to accept a conclusion." *State v. Osborne*, 372 N.C. 619, 626, 831 S.E.2d 328, 333 (2019) (cleaned up).

In evaluating the sufficiency of the evidence upon a defendant's motion to

dismiss, the evidence must be considered "in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom[.]" *State v. Winkler*, 368 N.C. 572, 574–75, 780 S.E.2d 824, 826 (2015) (citation omitted).

### *Preservation*

Our Supreme Court has stated that "under Rule 10(a)(3), a defendant's motion to dismiss preserves all issues related to sufficiency of the State's evidence for appellate review." *State v. Golder*, 374 N.C. 238, 246, 839 S.E.2d 782, 788 (2020); N.C.R. App. P. 10(a)(3). "Rule 10(a)(3) does not require that the defendant assert a specific ground for a motion to dismiss for insufficiency of the evidence." *Golder*, 374 N.C. at 245–46, 839 S.E.2d at 788. "[A] defendant preserves all insufficiency of the evidence issues for appellate review simply by making a motion to dismiss the action at the proper time." *Id.* at 246, 839 S.E.2d at 788.

At trial, Defendant moved to dismiss all charges at the close of the State's evidence and renewed her motion at the close of all the evidence. Accordingly, Defendant properly preserved this issue for appellate review.

### *Analysis*

Defendant argues that under the "single-taking rule," she "may not be . . . convicted . . . and punished for four separate charges of felony larceny arising out of one transaction or occurrence." We are constrained to agree.

"The essential elements of larceny are: (1) taking the property of another; (2)

carrying it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of the property permanently." *State v. Garner*, 252 N.C. App. 393, 396–97, 798 S.E.2d 755, 758 (2017) (citation omitted). Moreover, larceny "[o]f any firearm" is a felony. N.C. Gen. Stat. § 14-72(b)(4) (2023).

The single-taking rule "prevents a defendant from being . . . convicted multiple times for a single continuous act or transaction." *State v. White*, 289 N.C. App. 93, 97, 887 S.E.2d 902, 906 (citation omitted), *disc. review denied*, 385 N.C. 319, 891 S.E.2d 272 (2023). "A single larceny offense is committed when, as part of one continuous act or transaction, a perpetrator steals several items at the same time and place." *State v. Froneberger*, 81 N.C. App. 398, 401, 344 S.E.2d 344, 347 (1986). It is the State's burden to present evidence that the stolen items were taken as part of multiple acts or transactions in order to support multiple convictions. *Cf. id.* ("The State has not shown a *prima facie* larceny of each of the four [stolen items]."). "Thus, absent evidence that the [items] w[ere] stolen on more than one occasion, [a] defendant could only be convicted of one count of larceny." *Id.*

The underlying facts in this matter parallel those presented in *State v. Adams*, 331 N.C. 317, 416 S.E.2d 380 (1992). In *Adams*, the defendant participated in a residential breaking or entering, during which a firearm and other items were stolen. 331 N.C. at 321–22, 416 S.E.2d at 382. The defendant was tried, convicted, and sentenced for a number of offenses, including larceny of a firearm and larceny of property stolen pursuant to a breaking or entering. *Id.* at 333, 416 S.E.2d at 389. Our

Supreme Court, however, held that where all of the items were stolen "during the course of a single breaking or entering of the . . . residence[,]" the trial court had improperly convicted and sentenced the defendant "for both larceny of a firearm and felonious larceny of that same firearm pursuant to a breaking or entering." *Id.* Accordingly, the Court reversed the defendant's conviction of felonious larceny pursuant to a breaking or entering and vacated his sentence on the charge. *Id.*

In the case at bar, Defendant was charged, *inter alia*, with larceny after breaking or entering and three counts of larceny of a firearm. While it is unclear when the firearms were taken—during the first larceny or the second, when Defendant's cohorts returned to the property to steal more items—the State's evidence does not establish that Defendant participated in more than a single incident of larceny. Because the evidence presented at trial showed that Defendant participated in "one continuous act or transaction," she could only properly be convicted of and sentenced for one larceny offense. *Froneberger*, 81 N.C. App. at 401, 344 S.E.2d at 347.

The State failed to meet its burden to present evidence that Defendant stole the items during the course of multiple acts or transactions. "Therefore, we hold that the court erred in not dismissing the three larceny of firearms charges, where [D]efendant was properly" convicted of one count of felonious larceny after breaking or entering. *State v. Boykin*, 78 N.C. App. 572, 577, 337 S.E.2d 678, 682 (1985); *see Froneberger*, 81 N.C. App. at 401–02, 344 S.E.2d at 346–48. In that the trial court consolidated all of Defendant's convictions into a single judgment for sentencing, we

remand for resentencing. *See Froneberger*, 81 N.C. App. at 402, 344 S.E.2d at 347.

## **CONCLUSION**

For the reasons stated above, we reverse Defendant's three convictions for larceny of a firearm, vacate Defendant's sentence, and remand for the trial court to resentence Defendant in accordance with this opinion.

REVERSED IN PART; SENTENCE VACATED; REMANDED FOR RESENTENCING.

Judges STROUD and HAMPSON concur.