An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-911

Filed 1 April 2026

Sampson County, Nos. 18CR051405-810, 19CR000196-810

STATE OF NORTH CAROLINA

       v.

LAJONA DEMARRIAS CARR, Defendant.

Appeal by Defendant from judgment entered 11 June 2024 by Judge Augustus D. Willis IV in Sampson County Superior Court. Heard in the Court of Appeals 29 January 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Taylor H. Crabtree, for the State.*
>
> *Carolina Appeal Legal Services, by Drew Nelson, for Defendant–Appellant.*

MURRY, Judge.

Lajona D. Carr (Defendant) appeals from the trial court's judgment entered upon a jury verdict finding him guilty of first-degree murder.[1] Defendant contends the trial court plainly erred by instructing the jury that it could find him guilty of felony murder despite the insufficiency of the short-form indictment used by the State

---

[1] Defendant does not appeal the jury's additional verdicts finding him guilty of robbery with a dangerous weapon and possession of firearm by a felon.

to charge him with felony murder. For the reasons below, this Court holds that the trial court did not err, much less plainly err, by giving the felony-murder jury instruction.

## I. Background

On 22 April 2019, a Sampson County grand jury indicted Defendant for the murder of Jamaris Pridgen. The indictment alleged that Defendant "unlawfully, willfully, and feloniously did of malice aforethought kill and murder" Jamaris Pridgen. *See* N.C.G.S. § 15-144 (2025).

The matter came on for trial on 3 June 2024. At trial, the State proceeded under theories of first-degree murder and felony murder with robbery with a dangerous weapon as the underlying felony. Police officers from the scene testified to excavating Pridgen's body from a shallow grave in which they found a cigarette butt that tested positive for Defendant's DNA. Data from Defendant's phone records showed that he was in the area where the officers recovered Pridgen's body just a few days prior, and Defendant's text messages from that time referred to "digging" and "need[ing] two shovels," instructing the recipient, "Don't tell nobody." The police officers also found a gold necklace and a watch belonging to Pridgen when processing Defendant at the jail. Defendant did not testify or otherwise present evidence in his own defense.

During the charge conference, the State informed the trial court of its intention to submit a jury instruction for first-degree murder under both theories permitted by

N.C.G.S. § 14-17: (1) malice, premeditation, and deliberation and (2) felony murder with robbery with a dangerous weapon as the underlying felony. Defense counsel raised no objection to this instruction. The trial court then instructed the jury that it could find Defendant guilty of first-degree murder on either theory or both . On 11 June 2024, the jury returned a verdict finding Defendant guilty of first-degree murder based solely on the felony-murder rule. The trial court sentenced Defendant to life imprisonment without parole. Defendant timely appealed.

## II.    Jurisdiction

This Court has jurisdiction over Defendant's appeal from the trial court's final judgment under N.C.G.S. §§ 7A-27, 15A-1444. *See* N.C.G.S. § 7A-27(b) (2025) (final judgment of a trial court); *id.* § 15A-1444(a) (pleaded not guilty but found guilty).

## III.    Analysis

Defendant argues that the trial court committed plain error by instructing the jury that it could find him guilty of felony murder; he characterizes the short-form indictment as insufficient to charge him with felony murder. Although Defendant failed to preserve this argument for review by objecting at trial, *see* N.C. R. App. P. 10(a)(1), we may "review unpreserved issues for plain error when they involve . . . the judge's instructions to the jury," *State v. Gregory*, 342 N.C. 580, 584 (1996), provided that the defendant "specifically and distinctly" argues plain error on appeal, *see State v. Frye*, 341 N.C. 470, 496 (1995) (citing N.C. R. App. P. 10(c)(4)). To establish plain error, a defendant must show that (1) "a fundamental error occurred at trial" that (2)

"had a probable impact on the outcome, meaning that absent the error, the jury probably would have returned a different verdict," and that (3) the error would "seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings." *State v. Reber*, 386 N.C. 153, 158 (2024) (quoting *State v. Lawrence*, 365 N.C. at 518–19 (2012)). For the reasons below, we hold that the trial court did not err, much less plainly err, by instructing the jury on felony murder.

## A. Inapplicability of Rule of Lenity

We first determine that Defendant's request for this Court to apply the rule of lenity in construing N.C.G.S. § 15-144 is misplaced. "The principle of statutory construction referred to as the 'rule of lenity' forbids a court to interpret a statute so as to increase the penalty that it places on an individual when the Legislature has not clearly stated such an intention." *State v. Boykin*, 78 N.C. App. 572, 577 (1985). The rule of lenity only applies to ambiguous language in a challenged statute. *See State v. Conley*, 374 N.C. 209, 216 (2020) (Because there were "two reasonable constructions of N.C.G.S. § 14-269.2(b)," which governed the prohibition of firearms on school property, "with regard to the intended allowable unit of prosecution," the case was "precisely the type of scenario for which the rule of lenity exists."). Here, N.C.G.S. § 15-144 states the specific allegations necessary to charge a defendant with murder in a short-form indictment. The statutory language contains no ambiguity about the required elements; indeed, Defendant himself accurately conveys the statute's "require[ment] that each indictment allege that the murder was committed

with malice aforethought." Defendant's argument that N.C.G.S. § 15-144 requires the allegation of an element that is "not part of felony murder" does not address the type of statutory ambiguity to which the rule of lenity applies. Thus, we decline to invoke the rule of lenity and dismiss Defendant's argument on this ground.

## B. No Plain Error

Defendant argues that the indictment is "insufficient" to charge him with felony murder because any "properly drafted" murder indictment under N.C.G.S. § 15-144 "must include an allegation of malice aforethought," an essential element of first-degree murder but not of felony murder. We disagree.

A short-form homicide indictment "sufficient[ly] . . . describe[s] murder" if it "allege[s] that the accused . . . feloniously, willfully, and of his malice aforethought, did kill and murder" a named victim. N.C.G.S. § 15-144. A defendant commits felony murder by killing another "in the perpetration or attempted perpetration of any arson, rape or a sex offense, robbery, kidnapping, burglary, or other felony committed or attempted with the use of a deadly weapon." *Id.* § 14-17(a); *see State v. Garcia*, 358 N.C. 382, 731–32 (2004).

Contrary to Defendant's argument, our Supreme Court has consistently held that a short-form homicide indictment complies with the requirements of N.C.G.S. § 15-144 by sufficiently charging first-degree murder on "any theory set forth in N.C.G.S. § 14-17"—including felony murder. *Garcia*, 358 N.C. at 731; *see, e.g., State v. Avery,* 315 N.C. 1, 14 (1985) (upholding indictment as compliant with N.C.G.S.

§ 15-144 when it "charge[d] first[-]degree murder without specifically alleging premeditation and deliberation or felony murder"); *State v. Norwood,* 303 N.C. 473, 479 (1981) (holding indictment that "tracked the language" of N.C.G.S. § 15-144 "allow[ed] the State to prove both premeditated murder and felony murder"); *State v. Melton,* 307 N.C. 370, 372 (1983) (holding that short-form murder indictment complying with N.C.G.S. § 15-144 supports a conviction of first-degree murder). Thus, binding precedent compels this Court to conclude that the short-form homicide indictment in this case, which complied with the requirements of N.C.G.S. § 15-144, was sufficient to charge Defendant with both felony murder and first-degree murder. Accordingly, we hold that the trial court did not err by giving the felony-murder jury instruction.

Defendant fails to demonstrate that a "fundamental error occurred at trial." *Reber*, 386 N.C. at 158. Even assuming error *arguendo*, he shows no resulting prejudice or probability that the jury "would have returned a different verdict." *Id.* Considering the ample evidence at trial of Defendant's guilt, we conclude that any potential error in the trial court's felony-murder jury instruction was nonprejudicial to Defendant. *See id.* Thus, we hold that the trial court did not err, much less plainly err, by instructing the jury on felony murder.

## IV. Conclusion

For the reasons discussed above, this Court holds that the trial court did not err, much less plainly err, by giving the felony-murder jury instruction.

NO ERROR.

Judges COLLINS and FLOOD concur.

Report per Rule 30(e).