STATE OF NORTH CAROLINA v. THERESA SUGGS BASS

No. 8114SC148

(Filed 7 July 1981)

1. **Criminal Law § 142.4— restitution as condition of probation—amount required improper**

Where defendant was convicted of misdemeanor welfare fraud but acquitted of food stamp fraud, the trial court erred in entering a condition of probation requiring defendant to make restitution of $1147 for overpayments she allegedly received for aid to families with dependent children and for food stamps, since the provisions requiring defendant to pay $1147 included $606 in food stamps allegedly received by defendant; the jury found that the State had failed to prove beyond a reasonable doubt that defendant unlawfully received the alleged $606 in food stamps; and defendant thus could not be required to repay the $606.

2. **Criminal Law § 142.3— misdemeanor welfare fraud—restitution as condition of probation—amount proper**

Where defendant was convicted of misdemeanor welfare fraud, there was no merit to her contention that a condition of her probation requiring her to repay $541 for benefit of the AFDC program was unlawful, since defendant offered no evidence challenging the accuracy of the State's evidence that defendant unlawfully received $541 in AFDC funds.

3. **Attorneys at Law § 7.2— indigent defendant—restitution for court appointed attorney proper**

There was no merit to the indigent defendant's contention that, because she was tried on two charges and acquitted on one, she could not be required to pay counsel fees for services rendered on a charge for which she had not been convicted, since the face of the judgment showed that restitution was ordered only for counsel fees in the case in which defendant was convicted; furthermore, defendant made no objection at trial concerning the order for counsel fees.

**4. Social Security and Public Welfare § 1— welfare fraud—sufficiency of evidence**

In a prosecution of defendant for felonious welfare fraud and felonious food stamp fraud, evidence was sufficient to be submitted to the jury, and there was no merit to defendant's argument that cases interpreting G.S. 14-100, obtaining property by false pretenses, were applicable to a charge under G.S. 108-48, welfare fraud.

**5. Criminal Law § 111— written jury instructions proper**

The trial court did not err in reducing a part of its jury instructions to writing and in allowing the jury to take the instructions into the jury room during its deliberations.

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 16 October 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 4 June 1981.

Defendant was tried at the 13 October 1980 session of superior court on charges of felonious welfare fraud and felonious food stamp fraud. The welfare fraud charge was based upon N.C. G.S. 108-48. The state's evidence showed that defendant failed to disclose that she was employed at Duke University Medical Center and she thereby obtained welfare payments and food stamps which she was not entitled to receive. The jury acquitted defendant of the food stamp charge and convicted her of the misdemeanor of violating N.C.G.S. 108-48.

*Attorney General Edmisten, by Associate Attorney Blackwell M. Brogden, Jr., for the State.*

*Haywood, Denny & Miller, by Charles H. Hobgood, for defendant appellant.*

MARTIN (Harry C.), Judge.

[1] The trial judge sentenced defendant to imprisonment for not less than one year nor more than two years. One week was to be served in custody, and the remainder was suspended and defendant was placed upon supervised probation. One of the conditions of the probation required defendant to make restitution of $1147 for the overpayments she allegedly received for aid to families with dependent children and for food stamps. Defendant objects to this condition of the judgment, and we agree that it is erroneous. Defendant was found not guilty on the food stamp charge, the jury finding that the state had failed to prove beyond

a reasonable doubt that defendant unlawfully received the alleged $606 of food stamps.

Provisions in probationary judgments requiring restitution are constitutionally permissible. *State v. Caudle,* 276 N.C. 550, 173 S.E. 2d 778 (1970); *State v. Green,* 29 N.C. App. 574, 225 S.E. 2d 170, *disc. rev. denied,* 290 N.C. 665 (1976). However, the provision must be related to the criminal act for which defendant was convicted, else the provision may run afoul of the constitutional provision prohibiting imprisonment for debt. N.C. Const. art. I, § 28 (1970). As stated in *Caudle, supra,* at 555, 173 S.E. 2d at 781:

> To suspend a sentence of imprisonment for a criminal act, however just the sentence may be *per se*, on condition that the defendant pay obligations unrelated to such criminal act, however justly owing, is a use of the criminal process to enforce the payment of a civil obligation and lends itself to the oppressive action which the provision of the Constitution was designed to forbid.

The provision requiring defendant to pay $1147 included the $606 in food stamps allegedly received by defendant. That sum is unrelated to the AFDC welfare charge. Two separate indictments were returned. The cases were only consolidated for purposes of trial. Defendant cannot be required to repay the $606.

[2]       Defendant also contends that the provision requiring her to repay $541 for benefit of the AFDC program is unlawful because the jury only found her guilty of misdemeanor welfare fraud. The only difference between felonious and misdemeanor welfare fraud is the amount in question. Defendant claims that she cannot be required to repay more than $400 as a condition of the judgment. We do not agree. At the time defendant committed the acts in question, between October 1978 and April 1979, the amount required to constitute a felony was only $200. The statute was amended effective 1 October 1979 and, in part, 1 January 1980. On the question of her guilt or innocence, defendant was given the benefit of the greater requirement, as her trial occurred in October 1980, after the effective date of the amendment.

In determining appropriate conditions of a suspended sentence, however, it is not necessary that there be evidence to satisfy the sentencing judge beyond a reasonable doubt of the cor-

rectness of these conditions. It is sufficient that the conditions be supported by the evidence. N.C. Gen. Stat. 15A-1343(b)(6), (d), 1979 Supp. The terms of a probationary judgment are largely matters of judicial discretion. The defendant offered no evidence challenging the accuracy of the state's evidence that defendant unlawfully received $541 in AFDC funds. Nor did she attack the credibility of the state's witnesses by cross-examination. Defendant's defense was based upon lack of knowledge and intent on her part to defraud the state; she did not defend on the amount involved. Under the evidence in the record, the court was not required to submit the misdemeanor charge, as all the evidence showed an overpayment of $541. Certainly, the $141 excess above the $400 misdemeanor limit is related to the criminal act for which defendant was convicted within the holding of *Caudle, supra.* It is appropriate under N.C.G.S. 15A-1343(b)(6), (d), 1979 Supplement, that restitution be ordered as a condition of probation. We find no error in the court's condition that defendant pay the $541 as a part of the judgment.

[3] Defendant further argues that the condition of the probation judgment requiring her to pay $500 to the state as restitution for fees paid to her court appointed counsel is unlawful. She states that because she was tried on two charges and acquitted on one, she cannot be required to pay counsel fees for services rendered on a charge for which she has not been convicted, citing N.C.G.S. 7A-455. Setting aside the problem of the philosophical soundness of a rule that may require an indigent defendant to pay counsel fees for legal services if he is convicted, but does not allow such payment if acquitted (it would appear that logic would require defendant to pay for the services which are successful), we find defendant's argument to be without merit. The pertinent portion of the probation judgment is: "The defendant shall also make restitution to the State of North Carolina for court appointed attorney's fees awarded in *this case* in the amount of Five Hundred Dollars." (Emphasis added.) The face of the judgment shows that restitution was ordered only for counsel fees in the AFDC fraud case. Judgments regular on the face of the record are presumed to be valid. *Shaver v. Shaver*, 248 N.C. 113, 102 S.E. 2d 791 (1958). Furthermore, defendant made no objection at the trial concerning the order for counsel fees. The assignment of error is overruled.

[4] Next, defendant contends the court should have allowed her motions to dismiss. She argues that cases interpreting N.C.G.S. 14-100, obtaining property by false pretenses, are applicable to a charge under N.C.G.S. 108-48. While we are not required to resolve this question in all its possible ramifications, it is clear that all of the elements of N.C.G.S. 14-100 are not required to sustain a charge under N.C.G.S. 108-48. This latter statute was passed to define and· punish a particular, specific crime. Under its terms, the agency making the payments does not have to be deceived, as required in N.C.G.S. 14-100. An employee of the agency providing the funds, or the provider of the funds, can be guilty of violating N.C.G.S. 108-48. The elements of the offense proscribed by N.C.G.S. 108-48, 1979 Supplement, are:

(1) defendant was a recipient or provider of public assistance;

(2) defendant made a statement or representation, or failed to disclose a fact;

(3) the statement or representation was false, or the undisclosed fact was material to defendant's, or another person's, eligibility for public assistance;

(4) defendant made the statement or representation, or failed to disclose the fact willfully and knowingly, and with the intent to deceive;

(5) as a result of making such statement or representation, or failing to disclose such fact, defendant or another obtained or attempted to obtain or continued to receive public assistance.

See N.C.P.I.—Crim. 274.10. The evidence in this case fully supports each of the required elements. The assignment is without merit.

[5] Defendant contends the court erred in reducing a part of its jury instructions to writing and allowing the jury to take them into the jury room during their deliberations. Defendant's principal argument is that by so doing the court commented upon the evidence. The record, however, does not contain what evidence, if any, was included in the written jury instructions. The written in-

structions in the record do not contain any summary of the evidence or statement of the contentions of the parties. The record does contain the following at two places as a part of the written instructions: "(Evidence Summary)." We cannot assume from this quotation that the original written instructions actually contained a summary of the evidence, or any part thereof. We are bound by the record before us. *Griffin v. Barnes*, 242 N.C. 306, 87 S.E. 2d 560 (1955); *Mabe v. Dillon*, 46 N.C. App. 340, 264 S.E. 2d 796 (1980). We find no comment upon the evidence by the trial court from the written jury instructions.

Moreover, the trial court has the inherent authority to submit its instructions on the law to the jury in writing. *See* 20 Am. Jur. 2d Courts §§ 78, 79 (1965). Courts have inherent power to do everything necessary to carry out the purposes of their creation. *Knox County Council v. State ex rel. McCormick*, 217 Ind. 493, 29 N.E. 2d 405 (1940). Here, the legislature has not proscribed the trial judge's action of which defendant complains. Indeed, any legislative action attempting to limit the manner in which a trial judge instructs the jury might well offend the constitutional scheme of separation of powers. *See* Levin and Amsterdam, *Legislative Control Over Judicial Rule-Making: A Problem in Constitutional Revision*, 107 U. Pa. L. Rev. 1 (1958). As Montesquieu noted, "There is no liberty if the judiciary power be not separated from the legislative and executive." While it is true that N.C.G.S. 1-182, *requiring* jury instructions to be put in writing upon request of counsel, was repealed, this in no way affected the authority of the trial court to reduce its instructions to writing and transmit them to the jury. Further, defendant did not object to the action of the court at the time it occurred. Defendant's failure to so object waives any alleged error. *See Emanuel v. Clewis*, 272 N.C. 505, 158 S.E. 2d 587 (1968); 1 Stansbury's N.C. Evidence § 27 (Brandis rev. 1973). N.C.G.S. 15A-1233(b), relied upon by defendant, applies to exhibits and writings received as evidence, not jury instructions, and is not applicable to the question before the Court. We find no merit in this assignment of error.

We have carefully reviewed defendant's objections to the court's instructions to the jury and find no prejudicial error. Again, defendant improperly attempts to apply the standards of

N.C.G.S. 14-100 to this charge brought under N.C.G.S. 108-48. Contrary to defendant's argument, we find the court properly gave the jury the option of returning a verdict of not guilty on the misdemeanor charge. *State v. Hines*, 36 N.C. App. 33, 243 S.E. 2d 782, *disc. rev. denied*, 295 N.C. 262 (1978), relied upon by defendant, does not require the court to instruct the jury that the resulting economic harm to the victim is not the essence of the crime. *Hines* holds that such economic result is irrelevant to the purposes of N.C.G.S. 14-100. Arguably, refusal to give the requested instruction was favorable to defendant.

Defendant received a fair trial, and we will not disturb the verdict. For the error in the judgment noted above, the cause is remanded to the Superior Court of Durham County for an order amending paragraph 3 of the special conditions of probation, to require defendant to make restitution of $541 in lieu of $1147. Otherwise, we find no error.

Remanded for amendment to judgment.

Judges HEDRICK and WELLS concur in the result.