STATE OF NORTH CAROLINA v. PRINCESS OHEEDA DULA

No. 8325SC358

(Filed 17 April 1984)

1. **Burglary and Unlawful Breakings § 5.8— breaking or entering and larceny—sufficiency of evidence of occupancy of apartment**

   In a prosecution for breaking or entering and larceny, the evidence was sufficient for the jury to find Ramona Barlow occupied the apartment and that defendant did not have consent to enter the apartment where the evidence tended to show that Miss Barlow's sister had leased the apartment and Miss Barlow paid the rent on it and lived there. G.S. 14-54.

2. **Burglary and Unlawful Breakings § 5.8— breaking or entering and larceny—sufficiency of evidence of no permission to enter apartment**

   In a prosecution for breaking or entering and larceny, where the defendant testified on cross-examination that no one gave her permission to enter the apartment, this was sufficient evidence for the jury to find that she did not have such permission.

3. **Burglary and Unlawful Breakings § 6.4— instructions on permission to break or enter apartment—no error**

   In a prosecution for breaking or entering and larceny where defendant testified that she did not have permission to enter the premises, an instruction that the jury must be satisfied beyond a reasonable doubt that Ramona Barlow did not give defendant permission to break or enter the apartment, when there were at least two other persons who could have given her permission to enter the apartment, was not prejudicial to defendant. G.S. 15A-1443(a).

4. **Criminal Law § 142.3— condition of probation that defendant make restitution —proper**

   In a prosecution for felonious breaking or entering and larceny, where defendant was acquitted of the larceny charge but was convicted of breaking or entering with intent to commit larceny, the trial court did not err in requiring defendant, as a condition of probation, to make restitution to the victim of the value of the stereo equipment that was not recovered and the amount of damage to the equipment that was recovered. G.S. 15A-1443(d).

   Judge EAGLES concurring in part and dissenting in part.

APPEAL by defendant from *Griffin, Judge.* Judgment entered 3 November 1982 in Superior Court, CALDWELL County. Heard in the Court of Appeals 18 November 1983.

The defendant was tried for felonious breaking or entering and larceny. A witness testified for the State that she saw the defendant enter Ramona Flemming Barlow's apartment and come out a few minutes later carrying what appeared to be stereo equipment. Some of Miss Barlow's stereo equipment was later found embedded in the ground below defendant's apartment window. Miss Barlow testified that the apartment was leased by her sister but she paid the rent and lived there with a friend. She testified further that she did not give the defendant permission to enter her apartment that day and when she returned after being away that her stereo was missing.

The defendant denied breaking into the apartment or taking anything from it. She testified that no one gave her permission to enter the apartment.

The defendant was found guilty of felonious breaking or entering and not guilty of larceny. She was given a sentence which was suspended and she was put on probation. One of the conditions of probation was that she make restitution of $918.90 to Miss Barlow. Defendant appealed.

*Attorney General Edmisten, by Associate Attorney Walter M. Smith, for the State.*

*Whisnant, Simmons and Groome, by G. C. Simmons, III, for defendant appellant.*

WEBB, Judge.

[1] In her first assignment of error, the defendant contends it was error not to dismiss the charges against her. She argues that there was insufficient evidence for the jury to find that Ramona F. Barlow occupied the apartment and that the defendant did not have consent to enter the apartment. The indictment alleged that Ramona Barlow occupied the apartment. The evidence showed that Miss Barlow's sister had leased the apartment and Miss Barlow paid the rent on it and lived there. We believe this evidence shows she occupied the apartment. Occupancy of the

premises is not made an element of breaking or entering by G.S. 14-54. Our Supreme Court has held that it is necessary to allege occupancy in an indictment in housebreaking cases for the purpose of showing that the house that was allegedly broken or entered was not the house of the accused and for the purpose of so identifying the house that the accused may be protected from a second prosecution for the same offense. *See State v. Beaver*, 291 N.C. 137, 229 S.E. 2d 179 (1976). We believe both these purposes were fulfilled by the indictment and proof in this case. It was not necessary to show who had legal title to the apartment.

[2] The defendant also contends the State failed to prove a breaking or entering because it did not show that Jane Flemming, who had leased the apartment, and Jean Hollifield, who lived in the apartment with Miss Barlow, did not give her permission to enter the apartment. The defendant testified on cross-examination that no one gave her permission to enter the apartment. This is sufficient evidence for the jury to find that she did not have such permission.

[3] The defendant next assigns error to the charge. The court charged the jury, among other things, that in order to convict the defendant they must be satisfied beyond a reasonable doubt that Ramona F. Barlow did not give the defendant permission to break or enter the apartment. The defendant contends that there were at least two other persons who could have given her permission to enter the apartment and the court expressed an opinion on the evidence by saying that the State only had to prove Miss Barlow did not give such permission. We do not believe this statement by the court was prejudicial to the defendant. *See* G.S. 15A-1443(a). Permission to enter the apartment was not at issue in the trial. The defendant testified she did not have permission to enter the apartment. We hold she was not prejudiced by this statement in the charge.

[4] The defendant's last assignment of error is to a condition of probation. The court required the defendant, as a condition of probation, to make restitution of $918.90 to Miss Barlow, this being the value of the stereo equipment that was not recovered and the amount of damage to the equipment that was recovered. G.S. 15A-1343(d) provides in part:

"As a condition of probation, a defendant may be required to make restitution to an aggrieved party . . . for the damage or loss caused by the defendant arising out of the offense or offenses committed by the defendant."

The defendant, relying on *State v. Caudle*, 276 N.C. 550, 173 S.E. 2d 778 (1970) and *State v. Bass*, 53 N.C. App. 40, 280 S.E. 2d 7 (1981) argues that she was acquitted of the larceny charge and the loss to Miss Barlow was not related to the breaking or entry. The defendant was convicted of breaking or entry with intent to commit larceny. We believe the evidence shows the loss and damage to Miss Barlow was caused by and arose out of this crime as required by G.S. 15A-1343(d). We do not believe that *Caudle* or *Bass* govern in this case. In each of those cases the trial court was reversed for requiring restitution for damages not related to the crime to which the defendant was found guilty.

No error.

Judge PHILLIPS concurs.

Judge EAGLES concurs in part and dissents in part.

Judge EAGLES concurring in part and dissenting in part.

I concur in the majority opinion except for that portion which approves restitution of $918.90 as a condition of probation from which I respectfully dissent. As the majority notes, the $918.90 figure is the value of unrecovered stolen property plus the amount of damages to stereo equipment damaged in the course of the breaking and entering. Because the defendant was acquitted of the charge of larceny, restitution to the victim for the value of unrecovered stolen property, $360.00, is inappropriate. *State v. Caudle*, 276 N.C. 550, 173 S.E. 2d 778 (1970); *State v. Bass*, 53 N.C. App. 40, 280 S.E. 2d 7 (1981). I would remand for modification of the judgment's conditions of probation to provide for restitution of $558.90, the value of damages to property incurred in the course of the breaking and entering.