ELMORE, Judge.
 

 *79
 
 Defendant James Lee Murphy appeals criminal judgments entered upon his guilty pleas to seven counts of felony breaking and entering into seven different residences on
 
 *605
 
 different dates, and a civil judgment ordering he pay $23,113.00 in restitution to fourteen alleged victims identified in the State's restitution worksheet. In return for defendant's pleas and his stipulation to restitution as provided in the State's restitution worksheet, the State dismissed thirteen indictments against him, three of which contained the only charges linked to losses suffered by four of the fourteen alleged victims to whom the trial court ordered he pay restitution.
 

 On appeal, defendant challenges the factual basis for two of his seven pleas and the validity of the trial court's restitution order. Despite defendant's failure to give notice of appeal at sentencing, N.C. R. App. P. 4(a), we allow his petition to issue a writ of
 
 certiorari
 
 solely to review the restitution order and address his arguments that (1) the trial court lacked authority to order restitution as to the four victims not affected by the seven breaking-and-entering counts to which he pled guilty; and (2) since the invalidly ordered restitution was part of the plea agreement,
 
 *80
 
 his entire plea agreement must be set aside and the case remanded for new proceedings.
 

 Because a trial court is only statutorily authorized to order restitution for losses attributable to a defendant's perpetration of crimes for which he or she is convicted, we hold the trial court invalidly ordered defendant to pay restitution for pecuniary losses arising from his alleged perpetration of the charges in the three indictments the State dismissed pursuant to the plea agreement. Additionally, although defendant stipulated to this invalidly ordered restitution in the plea agreement, a stipulation to restitution is not an express agreement to pay restitution, and we therefore hold that defendant's entire plea agreement need not be set aside. Accordingly, we vacate the restitution order and remand for resentencing only on the issue of restitution.
 

 I. Background
 

 From 8 August 2016 to 27 February 2017, defendant was indicted for multiple breaking-and-entering and related larceny charges, including offenses defendant allegedly perpetrated at ten different residences on different dates. On 21 March 2017, defendant entered in a plea agreement in which he pled guilty to seven felony breaking-and-entering charges at seven of the ten residences and stipulated to restitution as provided in the State's restitution worksheet; in return, the State dismissed the remaining indictments, including the offenses defendant allegedly perpetrated at the other three residences. In the transcript of plea, the plea arrangement provides that "[defendant] will plea to 7 counts of breaking and/or entering in lieu of the charges listed on the back of this transcript[,]" and defendant checked the following box: "The defendant stipulates to restitution to the party(ies) in the amounts set out on 'Restitution Worksheet, Notice And Order (Initial Sentencing)' (AOC-CR-611)." The restitution worksheet listed fourteen alleged victims-ten of whom were linked to the seven residences defendant pled guilty to breaking into and entering; four of whom were linked to the three residences defendant was charged with breaking into and entering, but the State dismissed pursuant to the plea agreement.
 

 On 22 March 2017, the trial court at the plea hearing described the entire plea agreement as follows: "And the plea bargain is that upon your plea of guilty to these seven charges the State will dismiss all other charges[.]" After accepting defendant's guilty pleas, the trial court during sentencing ordered that
 

 [a]s a condition of work release and post-trial release, the Defendant is to make restitution to Shelton [sic] Dancy in
 
 *81
 
 the amount of $1706.00; Sheldon Jordan in the amount of $600.00; to Brice Wagoner, [sic] $600.00; to Ciandra [sic] Carmack, $1750.00; to Jeremy Williams and Tomika [sic] Brimmage [sic] ... $4125.00; to Jasmine Howard, $997.00; Randy Robertson, $1050.50; to Carmen [sic] Keeter, $650.00; to Jose Martinez, $1400.00; to Natalie Day, $1735.00; to Shaquela [sic] Day, $1000.00; to Jordan Hostetler, $500.00.
 

 That same day, the trial court entered a civil judgment ordering defendant to pay,
 
 inter alia
 
 , $23,113.00 in restitution; and criminal judgments imposing seven consecutive sentences of eight to nineteen months in prison, recommending work release, and recommending
 
 *606
 
 payment of the civil judgment as a condition of defendant's probation and to be taken from his work-release earnings. Seven days later, on 29 March, defendant returned to the trial court requesting a reconsideration of his sentence. When the trial court denied his request, defendant gave oral notice of appeal.
 

 II. Errors Raised
 

 On appeal, defendant asserts the trial court erred by (1) accepting his guilty pleas because two of the seven felony breaking-and-entering counts were factually unsupported, and (2) ordering he pay restitution to alleged victims of the charges dismissed by the State pursuant to the plea agreement.
 

 III. Appellate Jurisdiction
 

 Defendant concedes his right to appellate review is contingent upon this Court granting his petition for
 
 certiorari
 
 review because, as a guilty pleading defendant, he has no statutory right to challenge the factual basis for his pleas,
 
 see
 
 N.C. Gen. Stat. § 15A-1444(e) (2017), and, further, he violated our Appellate Procedure Rule 4(a) by failing to give oral notice of appeal at sentencing,
 
 see
 
 N.C. R. App. P. 4(a) (requiring in part "oral notice of appeal at trial"). Accordingly, defendant has petitioned this Court to issue a writ of
 
 certiorari
 
 in order to enable us to conduct a merits review of the two main issues he raises on appeal.
 
 See
 
 N.C. Gen. Stat. § 15A-1444(e) (permitting a defendant to "petition the appellate division for review [of whether his or her guilty pleas were supported by a sufficient factual basis] by writ of certiorari"); N.C. R. App. P. 21(a)(1) (granting this Court authority to issue a writ of
 
 certiorari
 
 "in appropriate circumstances" to review lower court judgments and orders, including but not limited to "when the right to prosecute an appeal has been lost by failure to take timely action[.] ...").
 

 *82
 
 After carefully considering the arguments presented in defendant's principal and reply briefs, and in his petition, we conclude there is no merit to his challenges to the factual bases of his pleas and thus decline to exercise our discretion to issue a writ of
 
 certiorari
 
 to address the first issue he presents. However, because we conclude defendant's challenges to the restitution order have merit, we exercise our discretion to issue a writ of
 
 certiorari
 
 in order to review the restitution order and address the merits of the second issue he presents.
 
 See, e.g.
 
 ,
 
 State v. Ross
 
 ,
 
 369 N.C. 393
 
 , 400,
 
 794 S.E.2d 289
 
 , 293 (2016) ("The decision concerning whether to issue a writ of certiorari is discretionary, and thus, the Court of Appeals may choose to grant such a writ to review some issues that are meritorious but not others for which a defendant has failed to show good or sufficient cause." (citing
 
 Womble v. Moncure Mill & Gin Co.
 
 ,
 
 194 N.C. 577
 
 , 579,
 
 140 S.E. 230
 
 , 231 (1927) ).
 

 IV. Analysis
 

 Defendant argues (1) trial courts have no authority to order restitution to victims of unconvicted crimes and, therefore, the trial court here invalidly ordered he pay restitution to alleged victims of the charges the State dismissed pursuant to the plea agreement; and (2) because this invalidly awarded restitution was part of the plea agreement, the proper remedy on appeal is to vacate his entire plea agreement and remand for new proceedings.
 

 The State does not address the trial court's statutory authority to award restitution to victims of unconvicted crimes; rather, it argues, (1) because defendant in his plea agreement stipulated to restitution to those victims, the State was relieved of its burden to present evidence to support restitution and thus the restitution ordered should be affirmed; and (2) even if restitution was invalidly awarded to alleged victims of charges the State dismissed, the proper remedy here is not to set aside the entire plea agreement but to vacate the restitution order and remand for resentencing solely on the issue of restitution.
 

 We agree with defendant that the restitution ordered to the four victims for pecuniary losses linked only to defendant's conduct in allegedly perpetrating the crimes charged in the three dismissed indictments was invalid. However, we agree with the State that the proper remedy is not to set aside the entire plea agreement but to vacate the restitution order and remand for resentencing solely on restitution.
 

 *607
 

 *83
 

 A. Restitution
 

 N.C. Gen. Stat. § 15A-1340.34 governs "[r]estitution generally" and instructs that "[w]hen sentencing a defendant
 
 convicted of a criminal offense
 
 , the court shall determine whether the defendant shall be ordered to make restitution to any victim of the offense in question."
 

 Id.
 

 § 15A-1340.34(a) (2017) (emphasis added). Our guilty plea statute, while not using the term "convicted," provides that a "proposed plea arrangement may include a provision for the defendant to make restitution ... to ... aggrieved ... parties for the ... loss caused by the ...
 
 offenses committed
 
 by the defendant." N.C. Gen. Stat. § 15A-1021(c) (2017) (emphasis added). Similarly, our statute governing conditions of probation provides that, "[a]s a condition of probation, a defendant may be required to make restitution ... to ... aggrieved ... parties ... for the ... loss caused by the defendant
 
 arising out of the ... offenses committed
 
 by the defendant." N.C. Gen. Stat. § 15A-1343(d) (2017) (emphasis added).
 

 Thus, the restitution authorized under our General Statutes requires a direct nexus between a convicted offense and the loss being remedied.
 
 Compare
 

 State v. Billinger
 
 ,
 
 213 N.C. App. 249
 
 , 258,
 
 714 S.E.2d 201
 
 , 208 (2011) ("As we have vacated defendant's conspiracy conviction ..., there is no conspiracy conviction to which the restitution order may be attached. Consequently, we must also vacate the restitution award ....");
 
 with
 

 State v. Dula
 
 ,
 
 67 N.C. App. 748
 
 , 751,
 
 313 S.E.2d 899
 
 , 901 (1984) (upholding restitution ordered for stolen goods to a victim of an alleged breaking-and-entering and related larceny, despite a jury acquittal on the larceny charge, since the jury convicted the defendant of the related breaking-and-entering charge, and restitution was ordered as a condition of probation),
 
 aff'd per curiam
 
 ,
 
 312 N.C. 80
 
 , 80,
 
 320 S.E.2d 405
 
 , 406 (1984) ("The Court of Appeals correctly held that the trial court did not commit error when it required the defendant to make restitution for the loss and damage caused by the defendant 'arising out of' the offense committed by her as provided by G.S. 15A-1343(d)."). Put another way, restitution is securely tied to the losses attributable to the offenses of conviction.
 
 See, e.g.
 
 ,
 
 State v. Valladares
 
 ,
 
 182 N.C. App. 525
 
 , 526,
 
 642 S.E.2d 489
 
 , 491 (2007) ("It is well settled that 'for an order of restitution to be valid, it must be related to the criminal act for which defendant was convicted, else the provision may run afoul of the constitutional provision prohibiting imprisonment for debt.' " (quoting
 
 State v. Froneberger,
 

 81 N.C. App. 398
 
 , 404,
 
 344 S.E.2d 344
 
 , 348 (1986) ).
 

 Here, the trial court entered a civil judgment requiring defendant to pay $23,113.00 in restitution in relevant part as follows: (1) $1,050.50 to Randy Robertson for 15 CRS 54923, which included one felony
 
 *84
 
 breaking-and-entering count and one larceny-after-breaking-and-entering count, arising from offenses defendant allegedly perpetrated on 26 May 2015 at 341 Ormond Street in Ayden; (2) $650.00 to Camryn Keeter for 16 CRS 52073, which included one breaking-and-entering-with-the-intent-to-commit-a-larceny count, arising from an offense defendant allegedly perpetrated on 15 March 2016 at 110 South Harding Street in Greenville; (3) $1,400.00 to Jose Martinez for 16 CRS 52074, which included one breaking-and-entering-with-the-intent-to-commit-a-larceny count, arising from an offense defendant allegedly perpetrated on 18 February 2016 at 1088 Cheyenee Court in Greenville; and (4) $500.00 to Jordan Hostetler for an unidentified offense. Pursuant to the plea agreement, defendant pled guilty to seven counts of felony breaking and entering into seven other residences on different dates, and the State dropped,
 
 inter alia
 
 , the indictments in 15 CRS 54923, 16 CRS 52073, and 16 CRS 52074. These indictments contained the only charges against defendant for conduct attributable to the alleged losses suffered by Robertson, Keeter, Martinez, and Hostetler.
 
 [1]
 

 *608
 
 As defendant was not convicted of any breaking-and-entering or related offenses as to the three residences of these four alleged victims, and as the alleged pecuniary losses suffered by these four alleged victims were unrelated to defendant's conduct in perpetrating the seven other break-ins to which he pled guilty, we hold the trial court lacked statutory authority to order restitution as to Robertson, Keeter, Martinez, and Hostetler.
 
 See
 

 Billinger
 
 ,
 
 213 N.C. App. at 258
 
 ,
 
 714 S.E.2d at 208
 
 .
 

 We recognize that our Supreme Court in
 
 Dula
 
 affirmed in a
 
 per curiam
 
 opinion our holding that a trial court validly ordered restitution as a condition of the defendant's probation to a victim for the pecuniary loss of personal property allegedly stolen from her residence, although the jury acquitted the defendant of the larceny charge.
 
 See
 

 Dula
 
 ,
 
 312 N.C. at 80
 
 ,
 
 320 S.E.2d at 406
 
 ("The Court of Appeals correctly held that the trial court did not commit error when it required the defendant to make restitution for the loss and damage caused by the defendant 'arising out of' the offense committed by her ...."). However, the jury in
 
 *85
 

 Dula
 
 convicted the defendant of a related breaking-and-entering-with-the-intent-to-commit-a-larceny charge she allegedly perpetrated at the same residence and on the same date.
 
 Dula
 
 ,
 
 67 N.C. App. at 751
 
 ,
 
 313 S.E.2d at 901
 
 . Thus, the restitution ordered as a condition of the defendant's probation in
 
 Dula
 
 was not solely supported by the acquitted larceny charge but "ar[ose] out of" the breaking-and-entering conviction.
 

 Here, contrarily, the charges in the three dismissed indictments were wholly unrelated to defendant's conduct in perpetrating the seven breaking-and-entering charges to which he pled guilty, offenses that occurred at seven different residences on seven different dates. Therefore, unlike the restitution ordered as to the victims of the breaking-and-entering charges to which defendant pled guilty, the restitution ordered as to the alleged victims of the charges that were dismissed did not "aris[e] out of" any offense for which defendant was convicted.
 

 As to the State's argument that the restitution ordered should nonetheless be upheld based on defendant's stipulation in the plea arrangement to restitution as to these four alleged victims, we conclude that parties to a plea agreement cannot by stipulation increase the statutory powers of a sentencing judge to authorize restitution beyond that allowed under our General Statutes.
 

 Accordingly, because the trial court lacked statutory authority to order defendant pay restitution to alleged victims of unconvicted offenses for losses not attributable to his conduct in perpetrating the offenses to which he pled guilty, its order of restitution as to Robertson, Keeter, Martinez, and Hostetler was invalid. Having reached this conclusion, we next turn to the appropriate appellate remedy.
 

 B. Plea Agreement
 

 Defendant asserts that because he agreed to pay this invalid restitution as part of the plea deal, the appropriate remedy is to set aside his entire plea agreement and remand the case for new proceedings. The State replies that the appropriate remedy, as ordinarily applied when restitution is invalidly ordered, is to vacate the restitution order and remand the case solely for resentencing on restitution.
 
 See, e.g.
 
 ,
 
 State v. Hunt
 
 , --- N.C. App. ----, ----,
 
 792 S.E.2d 552
 
 , 563 (2016). We agree with the State.
 

 To support his request to set aside the entire plea agreement, defendant relies on
 
 State v. Rico
 
 ,
 
 218 N.C. App. 109
 
 ,
 
 720 S.E.2d 801
 
 (Steelman, J., dissenting),
 
 rev'd for reasons stated in dissent
 
 ,
 
 366 N.C. 327
 
 ,
 
 734 S.E.2d 571
 
 (2012) (
 
 per curiam
 
 ). In
 
 Rico
 
 , the defendant was charged
 
 *86
 
 with murder and entered into a plea agreement in which he pled guilty to voluntary manslaughter.
 
 Id.
 
 at 110,
 
 720 S.E.2d at 802
 
 . As part of the plea agreement, the defendant admitted to the existence of an aggravating factor and agreed to a sentence in the aggravating range,
 
 id.
 
 at 111,
 
 720 S.E.2d at 802
 
 , which both the majority panel and dissenting judge agreed the sentencing judge was statutorily unauthorized
 
 *609
 
 to impose,
 
 id.
 
 at 118-19,
 
 720 S.E.2d at 807
 
 .
 

 As to the appropriate remedy, the majority panel reasoned that because the defendant "fully complied with the terms of his plea agreement, and the risk of any mistake in a plea agreement must be borne by the State[,]" "the State remains bound by the plea agreement[.]"
 
 Id.
 
 at 119,
 
 720 S.E.2d at 807
 
 . Therefore, the majority decreed, the "defendant should be resentenced upon his guilty plea to voluntary manslaughter."
 

 Id.
 

 The dissenting judge reasoned that "essential and fundamental terms of the plea agreement were unfulfillable[,]" and the defendant "cannot repudiate in part without repudiating the whole[.]"
 
 Id.
 
 at 122,
 
 720 S.E.2d at 809
 
 . Thus, the dissenting judge opined that "[t]he entire plea agreement must be set aside, and this case remanded ... for disposition on the original charge of murder."
 

 Id.
 

 On appeal, our Supreme Court in a
 
 per curiam
 
 opinion reversed the majority's decision as to the appropriate remedy and adopted the dissenting judge's disposition of setting aside the entire plea agreement.
 
 Rico
 
 ,
 
 366 N.C. at 327
 
 ,
 
 734 S.E.2d at 571
 
 .
 
 Rico
 
 is distinguishable because the payment of restitution was not an "essential or fundamental term[ ]" of defendant's plea agreement.
 

 Here, in the transcript of plea, the arrangement provided that "[defendant] will plea to 7 counts of breaking and/or entering in lieu of the charges listed on the back of this transcript[,]" and defendant checked the following box in that same section: "The defendant stipulates to restitution to the party(ies) in the amounts set out on 'Restitution Worksheet, Notice And Order (Initial Sentencing)' (AOC-CR-611)."
 

 At the plea hearing, the following relevant colloquy occurred:
 

 THE COURT: Now, you are pleading guilty to seven charges of breaking and/or entering; correct?
 

 THE DEFENDANT: Yes, sir.
 

 ....
 

 THE COURT: And you agree that the plea of guilty is part of a plea bargain; correct?
 

 THE DEFENDANT: Yes, sir.
 

 *87
 
 THE COURT:
 
 And the plea bargain is that upon your plea of guilty to these seven charges the State will dismiss all other charges-
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT:
 
 -in Superior and District Court?
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: Do you now accept this arrangement?
 

 THE DEFENDANT: Yes, sir.
 

 (Emphasis added.) Following its acceptance of defendant's guilty pleas, the trial court recommended work release and ordered "as a condition of work release and post-trial release" that defendant pay the particular orders of restitution.
 

 As reflected, despite defendant's stipulation to restitution as provided in the State's restitution worksheet, defendant never agreed to pay restitution as part of the plea agreement. Rather, as described in the transcript of plea and explained during the plea colloquy, the essential and fundamental terms of the plea agreement were that defendant would plead to seven counts of felony breaking-and-entering, and the State would drop the remaining charges. A stipulation to restitution as part of a plea agreement merely relieves the State of its burden to present a supportive factual basis,
 
 cf.
 

 State v. Blount
 
 ,
 
 209 N.C. App. 340
 
 , 348,
 
 703 S.E.2d 921
 
 , 927 (2011) ("A restitution worksheet, unsupported by testimony, documentation, or
 
 stipulation
 
 , 'is insufficient to support an order of restitution.' " (emphasis added) (quoting
 
 State v. Mauer
 
 ,
 
 202 N.C. App. 546
 
 , 552,
 
 688 S.E.2d 774
 
 , 778 (2010) ); it is not an express agreement to pay that particular restitution as a condition of the plea agreement. As defendant never agreed to pay restitution as part of the plea agreement, the invalidly ordered restitution was not an "essential or fundamental" term of the deal. Accordingly, we hold the proper remedy here is not to set aside defendant's entire plea agreement but to vacate the restitution order and remand for resentencing solely on the issue of restitution.
 

 V. Conclusion
 

 The trial court's restitution order in this case was unauthorized. Defendant pled
 
 *610
 
 guilty only to breaking and entering the seven residences of Sheldon Jordan, Shakeela and Natalie Day, Sheldon Dancy and Natasha Williams, Jeremy Williams and Tonica Brimage, Ceondra Carmack, Jasmine Howard, and Brice Wagner. Because the restitution order encompassed losses stemming from breaking-and-entering and
 
 *88
 
 related larceny offenses defendant allegedly perpetrated at three different homes on different dates, the trial court lacked statutory authority to order defendant pay restitution to the four residents of those three homes-Randy Robertson, Jose Martinez, Camryn Keeter, and Jordan Hostetler. Additionally, although defendant stipulated in the plea agreement to restitution to these four alleged victims, he never expressly agreed to pay restitution as part of that agreement. As the invalidly ordered restitution was not an essential or fundamental term of the plea agreement, the entire plea agreement need not be set aside. Accordingly, we vacate the trial court's restitution order and remand for resentencing solely on the issue of restitution.
 

 VACATED AND REMANDED.
 

 Judges HUNTER, JR. and ZACHARY concur.
 

 [1]
 

 While the first three alleged victims were identified in the indictments, both parties on appeal concede the State's restitution worksheet contains the only record reference to Hostetler. We note that worksheet indicates Hostetler shared the same physical address as Keeter, 110 South Harding Street, indicating Hostetler could only be an alleged victim of the same breaking-and-entering offense in 16 CRS 52073. We also note the arrest warrant alleges defendant stole $1,200.00 of personal property from Keeter, which appears to support the later restitution award of $650.00 to Keeter and $500.00 to Hostetler.