IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-1287

 Filed: 21 August 2018

Pitt County, Nos. 15 CRS 053992, 059558; 16 CRS 051968, 053427–28, 058376, 17
CRS 05909

STATE OF NORTH CAROLINA

 v.

JAMES LEE MURPHY

 Appeal by defendant from judgments entered 21 March 2017 by Judge Cy A.

Grant in Pitt County Superior Court. Heard in the Court of Appeals 16 May 2018.

 Attorney General Joshua H. Stein, by Assistant Attorney General Kacy L.
 Hunt, for the State.

 The Law Office of Sterling Rozear, PLLC, by Sterling Rozear, for defendant.

 ELMORE, Judge.

 Defendant James Lee Murphy appeals criminal judgments entered upon his

guilty pleas to seven counts of felony breaking and entering into seven different

residences on different dates, and a civil judgment ordering he pay $23,113.00 in

restitution to fourteen alleged victims identified in the State’s restitution worksheet.

In return for defendant’s pleas and his stipulation to restitution as provided in the

State’s restitution worksheet, the State dismissed thirteen indictments against him,

three of which contained the only charges linked to losses suffered by four of the

fourteen alleged victims to whom the trial court ordered he pay restitution.
 STATE V. MURPHY

 Opinion of the Court

 On appeal, defendant challenges the factual basis for two of his seven pleas

and the validity of the trial court’s restitution order. Despite defendant’s failure to

give notice of appeal at sentencing, N.C. R. App. P. 4(a), we allow his petition to issue

a writ of certiorari solely to review the restitution order and address his arguments

that (1) the trial court lacked authority to order restitution as to the four victims not

affected by the seven breaking-and-entering counts to which he pled guilty; and (2)

since the invalidly ordered restitution was part of the plea agreement, his entire plea

agreement must be set aside and the case remanded for new proceedings.

 Because a trial court is only statutorily authorized to order restitution for

losses attributable to a defendant’s perpetration of crimes for which he or she is

convicted, we hold the trial court invalidly ordered defendant to pay restitution for

pecuniary losses arising from his alleged perpetration of the charges in the three

indictments the State dismissed pursuant to the plea agreement. Additionally,

although defendant stipulated to this invalidly ordered restitution in the plea

agreement, a stipulation to restitution is not an express agreement to pay restitution,

and we therefore hold that defendant’s entire plea agreement need not be set aside.

Accordingly, we vacate the restitution order and remand for resentencing only on the

issue of restitution.

 I. Background

 -2-
 STATE V. MURPHY

 Opinion of the Court

 From 8 August 2016 to 27 February 2017, defendant was indicted for multiple

breaking-and-entering and related larceny charges, including offenses defendant

allegedly perpetrated at ten different residences on different dates. On 21 March

2017, defendant entered in a plea agreement in which he pled guilty to seven felony

breaking-and-entering charges at seven of the ten residences and stipulated to

restitution as provided in the State’s restitution worksheet; in return, the State

dismissed the remaining indictments, including the offenses defendant allegedly

perpetrated at the other three residences. In the transcript of plea, the plea

arrangement provides that “[defendant] will plea to 7 counts of breaking and/or

entering in lieu of the charges listed on the back of this transcript[,]” and defendant

checked the following box: “The defendant stipulates to restitution to the party(ies)

in the amounts set out on ‘Restitution Worksheet, Notice And Order (Initial

Sentencing)’ (AOC-CR-611).” The restitution worksheet listed fourteen alleged

victims—ten of whom were linked to the seven residences defendant pled guilty to

breaking into and entering; four of whom were linked to the three residences

defendant was charged with breaking into and entering, but the State dismissed

pursuant to the plea agreement.

 On 22 March 2017, the trial court at the plea hearing described the entire plea

agreement as follows: “And the plea bargain is that upon your plea of guilty to these

 -3-
 STATE V. MURPHY

 Opinion of the Court

seven charges the State will dismiss all other charges[.]” After accepting defendant’s

guilty pleas, the trial court during sentencing ordered that

 [a]s a condition of work release and post-trial release, the
 Defendant is to make restitution to Shelton [sic] Dancy in
 the amount of $1706.00; Sheldon Jordan in the amount of
 $600.00; to Brice Wagoner, [sic] $600.00; to Ciandra [sic]
 Carmack, $1750.00; to Jeremy Williams and Tomika [sic]
 Brimmage [sic] . . . $4125.00; to Jasmine Howard, $997.00;
 Randy Robertson, $1050.50; to Carmen [sic] Keeter,
 $650.00; to Jose Martinez, $1400.00; to Natalie Day,
 $1735.00; to Shaquela [sic] Day, $1000.00; to Jordan
 Hostetler, $500.00.

 That same day, the trial court entered a civil judgment ordering defendant to

pay, inter alia, $23,113.00 in restitution; and criminal judgments imposing seven

consecutive sentences of eight to nineteen months in prison, recommending work

release, and recommending payment of the civil judgment as a condition of

defendant’s probation and to be taken from his work-release earnings. Seven days

later, on 29 March, defendant returned to the trial court requesting a reconsideration

of his sentence. When the trial court denied his request, defendant gave oral notice

of appeal.

 II. Errors Raised

 On appeal, defendant asserts the trial court erred by (1) accepting his guilty

pleas because two of the seven felony breaking-and-entering counts were factually

unsupported, and (2) ordering he pay restitution to alleged victims of the charges

dismissed by the State pursuant to the plea agreement.

 -4-
 STATE V. MURPHY

 Opinion of the Court

 III. Appellate Jurisdiction

 Defendant concedes his right to appellate review is contingent upon this Court

granting his petition for certiorari review because, as a guilty pleading defendant, he

has no statutory right to challenge the factual basis for his pleas, see N.C. Gen. Stat.

§ 15A-1444(e) (2017), and, further, he violated our Appellate Procedure Rule 4(a) by

failing to give oral notice of appeal at sentencing, see N.C. R. App. P. 4(a) (requiring

in part “oral notice of appeal at trial”). Accordingly, defendant has petitioned this

Court to issue a writ of certiorari in order to enable us to conduct a merits review of

the two main issues he raises on appeal. See N.C. Gen. Stat. § 15A-1444(e)

(permitting a defendant to “petition the appellate division for review [of whether his

or her guilty pleas were supported by a sufficient factual basis] by writ of certiorari”);

N.C. R. App. P. 21(a)(1) (granting this Court authority to issue a writ of certiorari “in

appropriate circumstances” to review lower court judgments and orders, including

but not limited to “when the right to prosecute an appeal has been lost by failure to

take timely action[.] . . .”).

 After carefully considering the arguments presented in defendant’s principal

and reply briefs, and in his petition, we conclude there is no merit to his challenges

to the factual bases of his pleas and thus decline to exercise our discretion to issue a

writ of certiorari to address the first issue he presents. However, because we conclude

defendant’s challenges to the restitution order have merit, we exercise our discretion

 -5-
 STATE V. MURPHY

 Opinion of the Court

to issue a writ of certiorari in order to review the restitution order and address the

merits of the second issue he presents. See, e.g., State v. Ross, 369 N.C. 393, 400, 794

S.E.2d 289, 293 (2016) (“The decision concerning whether to issue a writ of certiorari

is discretionary, and thus, the Court of Appeals may choose to grant such a writ to

review some issues that are meritorious but not others for which a defendant has

failed to show good or sufficient cause.” (citing Womble v. Moncure Mill & Gin Co.,

194 N.C. 577, 579, 140 S.E. 230, 231 (1927)).

 IV. Analysis

 Defendant argues (1) trial courts have no authority to order restitution to

victims of unconvicted crimes and, therefore, the trial court here invalidly ordered he

pay restitution to alleged victims of the charges the State dismissed pursuant to the

plea agreement; and (2) because this invalidly awarded restitution was part of the

plea agreement, the proper remedy on appeal is to vacate his entire plea agreement

and remand for new proceedings.

 The State does not address the trial court’s statutory authority to award

restitution to victims of unconvicted crimes; rather, it argues, (1) because defendant

in his plea agreement stipulated to restitution to those victims, the State was relieved

of its burden to present evidence to support restitution and thus the restitution

ordered should be affirmed; and (2) even if restitution was invalidly awarded to

alleged victims of charges the State dismissed, the proper remedy here is not to set

 -6-
 STATE V. MURPHY

 Opinion of the Court

aside the entire plea agreement but to vacate the restitution order and remand for

resentencing solely on the issue of restitution.

 We agree with defendant that the restitution ordered to the four victims for

pecuniary losses linked only to defendant’s conduct in allegedly perpetrating the

crimes charged in the three dismissed indictments was invalid. However, we agree

with the State that the proper remedy is not to set aside the entire plea agreement

but to vacate the restitution order and remand for resentencing solely on restitution.

A. Restitution

 N.C. Gen. Stat. § 15A-1340.34 governs “[r]estitution generally” and instructs

that “[w]hen sentencing a defendant convicted of a criminal offense, the court shall

determine whether the defendant shall be ordered to make restitution to any victim

of the offense in question.” Id. § 15A-1340.34(a) (2017) (emphasis added). Our guilty

plea statute, while not using the term “convicted,” provides that a “proposed plea

arrangement may include a provision for the defendant to make restitution . . . to . . .

aggrieved . . . parties for the . . . loss caused by the . . . offenses committed by the

defendant.” N.C. Gen. Stat. § 15A-1021(c) (2017) (emphasis added). Similarly, our

statute governing conditions of probation provides that, “[a]s a condition of probation,

a defendant may be required to make restitution . . . to . . . aggrieved . . . parties . . .

for the . . . loss caused by the defendant arising out of the . . . offenses committed by

the defendant.” N.C. Gen. Stat. § 15A-1343(d) (2017) (emphasis added).

 -7-
 STATE V. MURPHY

 Opinion of the Court

 Thus, the restitution authorized under our General Statutes requires a direct

nexus between a convicted offense and the loss being remedied. Compare State v.

Billinger, 213 N.C. App. 249, 258, 714 S.E.2d 201, 208 (2011) (“As we have vacated

defendant’s conspiracy conviction . . . , there is no conspiracy conviction to which the

restitution order may be attached. Consequently, we must also vacate the restitution

award . . . .”); with State v. Dula, 67 N.C. App. 748, 751, 313 S.E.2d 899, 901 (1984)

(upholding restitution ordered for stolen goods to a victim of an alleged breaking-and-

entering and related larceny, despite a jury acquittal on the larceny charge, since the

jury convicted the defendant of the related breaking-and-entering charge, and

restitution was ordered as a condition of probation), aff’d per curiam, 312 N.C. 80, 80,

320 S.E.2d 405, 406 (1984) (“The Court of Appeals correctly held that the trial court

did not commit error when it required the defendant to make restitution for the loss

and damage caused by the defendant ‘arising out of’ the offense committed by her as

provided by G.S. 15A-1343(d).”). Put another way, restitution is securely tied to the

losses attributable to the offenses of conviction. See, e.g., State v. Valladares, 182

N.C. App. 525, 526, 642 S.E.2d 489, 491 (2007) (“It is well settled that ‘for an order of

restitution to be valid, it must be related to the criminal act for which defendant was

convicted, else the provision may run afoul of the constitutional provision prohibiting

imprisonment for debt.’ ” (quoting State v. Froneberger, 81 N.C. App. 398, 404, 344

S.E.2d 344, 348 (1986)).

 -8-
 STATE V. MURPHY

 Opinion of the Court

 Here, the trial court entered a civil judgment requiring defendant to pay

$23,113.00 in restitution in relevant part as follows: (1) $1,050.50 to Randy

Robertson for 15 CRS 54923, which included one felony breaking-and-entering count

and one larceny-after-breaking-and-entering count, arising from offenses defendant

allegedly perpetrated on 26 May 2015 at 341 Ormond Street in Ayden; (2) $650.00 to

Camryn Keeter for 16 CRS 52073, which included one breaking-and-entering-with-

the-intent-to-commit-a-larceny count, arising from an offense defendant allegedly

perpetrated on 15 March 2016 at 110 South Harding Street in Greenville; (3)

$1,400.00 to Jose Martinez for 16 CRS 52074, which included one breaking-and-

entering-with-the-intent-to-commit-a-larceny count, arising from an offense

defendant allegedly perpetrated on 18 February 2016 at 1088 Cheyenee Court in

Greenville; and (4) $500.00 to Jordan Hostetler for an unidentified offense. Pursuant

to the plea agreement, defendant pled guilty to seven counts of felony breaking and

entering into seven other residences on different dates, and the State dropped, inter

alia, the indictments in 15 CRS 54923, 16 CRS 52073, and 16 CRS 52074. These

indictments contained the only charges against defendant for conduct attributable to

the alleged losses suffered by Robertson, Keeter, Martinez, and Hostetler.1

1 While the first three alleged victims were identified in the indictments, both parties on appeal
concede the State’s restitution worksheet contains the only record reference to Hostetler. We note that
worksheet indicates Hostetler shared the same physical address as Keeter, 110 South Harding Street,
indicating Hostetler could only be an alleged victim of the same breaking-and-entering offense in 16
CRS 52073. We also note the arrest warrant alleges defendant stole $1,200.00 of personal property

 -9-
 STATE V. MURPHY

 Opinion of the Court

 As defendant was not convicted of any breaking-and-entering or related

offenses as to the three residences of these four alleged victims, and as the alleged

pecuniary losses suffered by these four alleged victims were unrelated to defendant’s

conduct in perpetrating the seven other break-ins to which he pled guilty, we hold

the trial court lacked statutory authority to order restitution as to Robertson, Keeter,

Martinez, and Hostetler. See Billinger, 213 N.C. App. at 258, 714 S.E.2d at 208.

 We recognize that our Supreme Court in Dula affirmed in a per curiam opinion

our holding that a trial court validly ordered restitution as a condition of the

defendant’s probation to a victim for the pecuniary loss of personal property allegedly

stolen from her residence, although the jury acquitted the defendant of the larceny

charge. See Dula, 312 N.C. at 80, 320 S.E.2d at 406 (“The Court of Appeals correctly

held that the trial court did not commit error when it required the defendant to make

restitution for the loss and damage caused by the defendant ‘arising out of’ the offense

committed by her . . . .”). However, the jury in Dula convicted the defendant of a

related breaking-and-entering-with-the-intent-to-commit-a-larceny charge she

allegedly perpetrated at the same residence and on the same date. Dula, 67 N.C.

App. at 751, 313 S.E.2d at 901. Thus, the restitution ordered as a condition of the

defendant’s probation in Dula was not solely supported by the acquitted larceny

charge but “ar[ose] out of” the breaking-and-entering conviction.

from Keeter, which appears to support the later restitution award of $650.00 to Keeter and $500.00 to
Hostetler.

 - 10 -
 STATE V. MURPHY

 Opinion of the Court

 Here, contrarily, the charges in the three dismissed indictments were wholly

unrelated to defendant’s conduct in perpetrating the seven breaking-and-entering

charges to which he pled guilty, offenses that occurred at seven different residences

on seven different dates. Therefore, unlike the restitution ordered as to the victims

of the breaking-and-entering charges to which defendant pled guilty, the restitution

ordered as to the alleged victims of the charges that were dismissed did not “aris[e]

out of” any offense for which defendant was convicted.

 As to the State’s argument that the restitution ordered should nonetheless be

upheld based on defendant’s stipulation in the plea arrangement to restitution as to

these four alleged victims, we conclude that parties to a plea agreement cannot by

stipulation increase the statutory powers of a sentencing judge to authorize

restitution beyond that allowed under our General Statutes.

 Accordingly, because the trial court lacked statutory authority to order

defendant pay restitution to alleged victims of unconvicted offenses for losses not

attributable to his conduct in perpetrating the offenses to which he pled guilty, its

order of restitution as to Robertson, Keeter, Martinez, and Hostetler was invalid.

Having reached this conclusion, we next turn to the appropriate appellate remedy.

B. Plea Agreement

 Defendant asserts that because he agreed to pay this invalid restitution as part

of the plea deal, the appropriate remedy is to set aside his entire plea agreement and

 - 11 -
 STATE V. MURPHY

 Opinion of the Court

remand the case for new proceedings. The State replies that the appropriate remedy,

as ordinarily applied when restitution is invalidly ordered, is to vacate the restitution

order and remand the case solely for resentencing on restitution. See, e.g., State v.

Hunt, ___ N.C. App. ___, ___, 792 S.E.2d 552, 563 (2016). We agree with the State.

 To support his request to set aside the entire plea agreement, defendant relies

on State v. Rico, 218 N.C. App. 109, 720 S.E.2d 801 (Steelman, J., dissenting), rev'd

for reasons stated in dissent, 366 N.C. 327, 734 S.E.2d 571 (2012) (per curiam). In

Rico, the defendant was charged with murder and entered into a plea agreement in

which he pled guilty to voluntary manslaughter. Id. at 110, 720 S.E.2d at 802. As

part of the plea agreement, the defendant admitted to the existence of an aggravating

factor and agreed to a sentence in the aggravating range, id. at 111, 720 S.E.2d at

802, which both the majority panel and dissenting judge agreed the sentencing judge

was statutorily unauthorized to impose, id. at 118–19, 720 S.E.2d at 807.

 As to the appropriate remedy, the majority panel reasoned that because the

defendant “fully complied with the terms of his plea agreement, and the risk of any

mistake in a plea agreement must be borne by the State[,]” “the State remains bound

by the plea agreement[.]” Id. at 119, 720 S.E.2d at 807. Therefore, the majority

decreed, the “defendant should be resentenced upon his guilty plea to voluntary

manslaughter.” Id. The dissenting judge reasoned that “essential and fundamental

terms of the plea agreement were unfulfillable[,]” and the defendant “cannot

 - 12 -
 STATE V. MURPHY

 Opinion of the Court

repudiate in part without repudiating the whole[.]” Id. at 122, 720 S.E.2d at 809.

Thus, the dissenting judge opined that “[t]he entire plea agreement must be set aside,

and this case remanded . . . for disposition on the original charge of murder.” Id. On

appeal, our Supreme Court in a per curiam opinion reversed the majority’s decision

as to the appropriate remedy and adopted the dissenting judge’s disposition of setting

aside the entire plea agreement. Rico, 366 N.C. at 327, 734 S.E.2d at 571. Rico is

distinguishable because the payment of restitution was not an “essential or

fundamental term[ ]” of defendant’s plea agreement.

 Here, in the transcript of plea, the arrangement provided that “[defendant] will

plea to 7 counts of breaking and/or entering in lieu of the charges listed on the back

of this transcript[,]” and defendant checked the following box in that same section:

“The defendant stipulates to restitution to the party(ies) in the amounts set out on

‘Restitution Worksheet, Notice And Order (Initial Sentencing)’ (AOC-CR-611).”

 At the plea hearing, the following relevant colloquy occurred:

 THE COURT: Now, you are pleading guilty to seven
 charges of breaking and/or entering; correct?

 THE DEFENDANT: Yes, sir.

 ....

 THE COURT: And you agree that the plea of guilty is part
 of a plea bargain; correct?

 THE DEFENDANT: Yes, sir.

 - 13 -
 STATE V. MURPHY

 Opinion of the Court

 THE COURT: And the plea bargain is that upon your plea
 of guilty to these seven charges the State will dismiss all
 other charges -

 THE DEFENDANT: Yes, sir.

 THE COURT: - in Superior and District Court?

 THE DEFENDANT: Yes, sir.

 THE COURT: Do you now accept this arrangement?

 THE DEFENDANT: Yes, sir.

(Emphasis added.) Following its acceptance of defendant’s guilty pleas, the trial court

recommended work release and ordered “as a condition of work release and post-trial

release” that defendant pay the particular orders of restitution.

 As reflected, despite defendant’s stipulation to restitution as provided in the

State’s restitution worksheet, defendant never agreed to pay restitution as part of the

plea agreement. Rather, as described in the transcript of plea and explained during

the plea colloquy, the essential and fundamental terms of the plea agreement were

that defendant would plead to seven counts of felony breaking-and-entering, and the

State would drop the remaining charges. A stipulation to restitution as part of a plea

agreement merely relieves the State of its burden to present a supportive factual

basis, cf. State v. Blount, 209 N.C. App. 340, 348, 703 S.E.2d 921, 927 (2011) (“A

restitution worksheet, unsupported by testimony, documentation, or stipulation, ‘is

insufficient to support an order of restitution.’ ” (emphasis added) (quoting State v.

 - 14 -
 STATE V. MURPHY

 Opinion of the Court

Mauer, 202 N.C. App. 546, 552, 688 S.E.2d 774, 778 (2010)); it is not an express

agreement to pay that particular restitution as a condition of the plea agreement. As

defendant never agreed to pay restitution as part of the plea agreement, the invalidly

ordered restitution was not an “essential or fundamental” term of the deal.

Accordingly, we hold the proper remedy here is not to set aside defendant’s entire

plea agreement but to vacate the restitution order and remand for resentencing solely

on the issue of restitution.

 V. Conclusion

 The trial court’s restitution order in this case was unauthorized. Defendant

pled guilty only to breaking and entering the seven residences of Sheldon Jordan,

Shakeela and Natalie Day, Sheldon Dancy and Natasha Williams, Jeremy Williams

and Tonica Brimage, Ceondra Carmack, Jasmine Howard, and Brice Wagner.

Because the restitution order encompassed losses stemming from breaking-and-

entering and related larceny offenses defendant allegedly perpetrated at three

different homes on different dates, the trial court lacked statutory authority to order

defendant pay restitution to the four residents of those three homes—Randy

Robertson, Jose Martinez, Camryn Keeter, and Jordan Hostetler. Additionally,

although defendant stipulated in the plea agreement to restitution to these four

alleged victims, he never expressly agreed to pay restitution as part of that

agreement. As the invalidly ordered restitution was not an essential or fundamental

 - 15 -
 STATE V. MURPHY

 Opinion of the Court

term of the plea agreement, the entire plea agreement need not be set aside.

Accordingly, we vacate the trial court’s restitution order and remand for resentencing

solely on the issue of restitution.

 VACATED AND REMANDED.

 Judges HUNTER, JR. and ZACHARY concur.

 - 16 -